Jimmy Lee **THIGPEN**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–14644.

Court of Criminal Appeals of Oklahoma.

Jan. 22, 1969.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Jimmy Lee Thigpen, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County with the crime of Petit Larceny After Former Conviction of a Felony, his punishment was fixed at one year in the State Penitentiary, and from said judgment and sentence he appeals.

From the record it appears that on August 25, 1967, at about 7:00 p. m., the de-fendant entered a Humpty-Dumpty Super-market at 918 North Walnut in Oklahoma City, selected a sixty-one cent package of hot link sausage, stuck the package under the waist of his trousers and walked through a check-stand toward the door. He was observed in this by the store security officer looking through a two-way mirror, who thereupon arrested him.

The single assignment of error urged on appeal was that the sentence imposed was excessive. With this contention we do not agree. Title 21 O.S. § 51, provides for punishment as follows:

"Every person who, having been con-victed of any offense punishable by im-prisonment in the penitentiary, commits any crime after such conviction, is pun-ishable therefor as follows:

\* \* \* \* \* \*

3. If such subsequent conviction is for petit larceny, or for any attempt to com-mit an offense which, if committed, would be punishable by imprisonment in the penitentiary, then the person con-victed of such subsequent offense is pun-ishable by imprisonment in the peniten-tiary for a term not exceeding five years."

An examination of the record leads us to conclude that the evidence amply supports the verdict of the jury, the defend-ant was capably represented, the trial court carefully and meticulously instructed the jury and the punishment imposed was well within the limits provided by law. The sentence imposed was, in fact, one-fifth of the punishment which could have been im-posed. Under such circumstances we fol-low the rule that:

"The Court of Criminal Appeals will not modify a sentence alleged to be excessive unless it is convinced from an examina-tion of the entire record that the verdict and sentence based thereon was mani-festly excessive and apparently given un-der passion and prejudice."

Epperson v. State, Okl.Cr.App., 406 P.2d 1017.

Finding this assignment of error without merit, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.