Billy Lee **BENSON**, Jr., Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defend-
ant in Error.

No. A–16092.

Court of Criminal Appeals of Oklahoma.

March 31, 1971.

Don Anderson, Public Defender, Okla-
homa County, for plaintiff in error.

Atty. Gen., William M. Bonnell, Asst.
Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Plaintiff in error, Billy Lee Benson, Jr., hereinafter referred to as defendant, was convicted by jury verdict in the District Court of Oklahoma County, Case No. CRF–70–703, with the crime of Petit Larceny After Former Conviction of a Felony, and sentenced to five years imprisonment. The judgment and sentence was imposed in accordance with the jury verdict on May 4, 1970, and this appeal perfected therefrom.

The evidence includes the testimony of Jimmy Ray Ervin who testified that he was the assistant manager of Midwest City T. G. & Y. Store on March 14, 1970, when he saw the defendant in the store about 7:30 P.M. Ervin noticed the defendant with some flash cubes and an armload of merchandise, but later observed defendant without the merchandise. Defendant engaged Ervin in a conversation and removed three polaroid film packages from his pocket and put them on the counter. While a checker was absent from the check stand, defendant left the store. Ervin pursued him and caught him in the parking lot and returned to the store where Ervin called the police.

Officer Pratt of the Oklahoma City Police Department testified that he arrested the defendant at the store pursuant to Ervin's call. Upon searching the defendant, the officer found the flash cubes, flash bulbs and polaroid film in the lining of his jacket.

Defendant did not testify or offer evidence in his behalf. His former felony conviction was stipulated.

On appeal, defendant urges consideration of the evidence in support of the conviction and the punishment imposed. Upon reviewing the evidence, there can be no question that it is sufficient to support the verdict. The essential elements of the crime for which defendant was convicted were proven and there is no controverting evidence.

As regards the sentence imposed, we find no basis for modification. The sentence of five years imprisonment was within the limits of 21 O.S.1961, § 1706, and 21 O.S.Supp.1970, § 51. As stated in Thigpen v. State, Okl.Cr., 449 P.2d 932 (1969):

> "Court of Criminal Appeals will not modify a sentence alleged to be excessive unless it is convinced from an examination of the entire record that the verdict and sentence based thereon was manifestly excessive and apparently given under passion and prejudice."

We do not find that the sentence was manifestly excessive nor was it apparently given under passion or prejudice. Accordingly, there is no basis for modification.

Therefore, having reviewed the evidence and contentions of the defendant, we are of the opinion that the judgment and sentence must be

Affirmed.

BUSSEY, P. J., and BRETT, J., concur.