Naoum Noun SHABAREKH, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15987.

Court of Criminal Appeals of Oklahoma.

April 28, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., William Bonnell, Asst. Atty. Gen., for defendant in error.

MEMORANDUM OPINION

NIX, Judge:

Plaintiff in error, Naoum Noun Shabarekh, hereinafter referred to as defendant, was charged by information with the crime of Child Beating, after Former Conviction of a Felony in the District Court of Oklahoma County, Case No. CRF–70–255. Defendant was tried by a jury, which re-

turned a verdict finding defendant guilty as charged and fixing punishment at eight years imprisonment. Judgment and sentence in accordance with the verdict was imposed on March 29, 1970, and this appeal perfected therefrom. Defendant was represented at his trial and on appeal by the Oklahoma County Public Defender.

Specifically, defendant was charged with having beaten his step-daughter, Tammi Ann Maynard.

Judy Ann Everett testified that she was visiting defendant and his wife in their apartment in Oklahoma City about 2:45 P. M. on January 24, 1970, at which time defendant, his wife, their daughter Tammi, and a little boy were present. Tammi was approximately 2 years of age. During the visit, defendant left and returned shortly to discover a box of matches in Tammi's hand. Defendant took the box away from the child and struck her "very hard about three times, and then he raised his foot back and kicked her." Defendant then stood the child in a corner and twice struck a match and touched it to the child's hand, admonishing her not to play with matches. Mrs. Shabarekh had left the room before the match episode. No evidence of injury to the child was visible except hand marks on her face where she had been slapped.

Don S. Ools testified that he had occasion to be at the Shabarekh apartment on January 29, 1970, arriving about 7:30 P.M. He noticed the little girl, Tammi, sitting "like she was in some sort of a trance." He complained to the police about the things he saw there that evening, but they related to what he had observed of the little boy—not the girl. He testified that Shabarekh said the boy had been injured falling downstairs; also that he had had to beat the boy for wetting his pants.

Barbara Webb testified that she lived across the hall from the Shabarekh apartment, and on occasions would hear the Shabarekh children crying, usually at night.

Mary Beth Schlttman testified that she lived with Barbara Webb in January, 1970, and many times at night she would hear the Shabarekh children crying or screaming to the extent that she was bothered "a whole lot." She could hear defendant "complaining to his wife about the kids" and "slapping every now and then."

Officer Bill Baldwin of the Oklahoma City Police Department testified that he went to the Shabarekh apartment on January 31, 1970, about 11:30 A.M. to investigate a complaint. He saw that the child, Tammi, had bruises all over her body, arrested defendant, and put the child in custody of the Children's Court.

Officer Don Bennett testified substantially as did Officer Baldwin, adding that defendant's explanation of the bruises was that the child had fallen down a flight of stairs.

Dr. Norman Haug testified that he examined the child on January 31, 1970, and found bruises on her forehead behind the left ear, on the lower back, both knees and left buttock and on the arm and forearm. The child was two and one-half years old. In his opinion, the bruises were more like the type caused by beating than the type likely to result from falling down a stairway.

The defense called one witness, Mrs. Dorothy Shabarekh, defendant's wife, who testified that defendant was a "pretty good step-father" to Tammi. Mrs. Shabarekh had seen defendant spank the child but "he did not beat the kid." She testified that he spanked the child for having the matches on the occasion that Judy Everett testified about, but did not touch matches to the child.

The former convictions were stipulated in the second stage of the trial admitting defendant's former convictions for second degree burglary in the District Court of Pottawatomie County, Case No. 6533, on August 29, 1967; and attempted second degree burglary in the District Court of Oklahoma County, Case No. 32,266, on October 27, 1966.

The only matters raised by the public defender for consideration on appeal concern

the sufficiency of the evidence and modification of the sentence. There is a conflict in the evidence to the extent that defendant's wife claims defendant did not beat the child, although he spanked them, while the other witnesses' testimony clearly indicates a beating. Morse v. State, Okl.Cr., 438 P.2d 309 (1968). Despite this conflict, there was competent evidence from which the jury could reasonably conclude defendant was guilty as charged, and in such instances the verdict will not be disturbed on appeal. Johnson v. State, Okl.Cr., 465 P.2d 481 (1970).

The punishment imposed was within the range allowed by statute. 21 O.S.Supp. 1970, §§ 51 and 843. There is no basis for modification if the sentence is within the range provided upon conviction, and where the record is free of errors justifying modification, and where there is no indication the sentence was excessive under the facts as given under passion and prejudice. Thigpen v. State, Okl.Cr., 449 P.2d 932, 934 (1965).

Finding no reason to the contrary, the judgment and sentence is hereby affirmed.

BUSSEY, P. J., and BRETT, J., concur.