**William Joe MASON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–862.**

Court of Criminal Appeals of Oklahoma.

Feb. 28, 1977.

Don Anderson, Public Defender, for appellant.

William Joe Mason, pro se.

Larry Derryberry, Atty. Gen., for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge.

William Joe Mason, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF-75-4631, for the crime of Petit Larceny, After Former Conviction of a Felony in violation of 21 O.S. 1971, § 1701. In accordance with the verdict of the jury, the defendant was sentenced, on the 17th day of May, 1976, to serve a term of three (3) years' imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence of the State consisted of the testimony of Mr. Kim Houston, who testified that on the 5th day of December, 1975, he was employed as the manager of the men's department of Dillard's Department Store, Shepherd Mall, in Oklahoma City; that to the best of his knowledge no one in the store gave anyone permission to remove a book entitled, *Love Is An Active Verb*, from the store without paying for the same.

The next witness for the State was David Mercer, who testified that he was a fulltime Oklahoma City Police Officer and a part-time Security Guard for Dillard Department Stores. On December 5, 1975, at about 5:00 p. m., he was at the store and observed the defendant, who was about seven feet away, remove a book from the book rack and walk behind another rack and then out of the store. The witness testified that he never did see the book, but confronted the defendant at the store exit just outside. After the defendant denied knowing anything about a book, the witness asked the defendant to open his jacket. The witness then saw the book under the defendant's arm. Mercer testified that at no time did the defendant go near the cash register. The book was priced to the public at the value of $1.50, but the witness was unable to testify if any had been actually sold at that price.

The final witness was Officer Isaac of the Oklahoma City Police Department, who testified that on December 5, 1975, at the request of David Mercer, he took custody of the defendant and transported him to the Oklahoma City Police Department.

The defendant did not testify in his own behalf, nor offer any evidence. The After Former portion of the trial was stipulated to by the parties. This consisted of four previous felony convictions: two for Larceny and two for Obtaining Merchandise by Means of a False and Bogus Check; the oldest being some four and one half years old and the most recent a 1975 case.

■ For his first assignment of error the defendant argues that the verdict is not supported by the evidence. A careful examination of the record transmitted to this Court reveals that there was more than adequate evidence from which the jury could have arrived at a verdict of guilty. In the fourth paragraph of the Syllabus in *Fields v. State*, Okl.Cr., 322 P.2d 431 (1958), we held:

"The function of the Criminal Court of Appeals is limited to ascertaining whether there is a basis in the evidence, on which the jury can reasonably conclude that accused is guilty as charged."

Furthermore, this Court has stated on many occasions that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict. See *Williams v. State*, Okl.Cr., 373 P.2d 91 (1962). We, therefore, find this assignment of error to be without merit.

■ For his final assignment of error the defendant urges that the punishment imposed by the jury is excessive. First, we observe that the defendant voluntarily stipulated and agreed that he had four previous felony convictions, all involving some form of larceny. In *Johnson v. State*, Okl.Cr., 386 P.2d 336 (1963), in the fifth paragraph of the Syllabus, we held:

"The question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the court."

Further, in *Benson v. State*, Okl.Cr., 483 P.2d 1160 (1971), we held that a sentence of five years' imprisonment for Petit Larceny, After Former Conviction of a Felony, was not excessive. We, accordingly, find this assignment of error to be without merit.

In a separate brief filed by the defendant pro se, the following assignments of error were brought to this Court's attention:

■ The defendant contends the trial court erred when it allowed witness Houston to be endorsed and testify over his objection, contending Houston was a surprise witness. The rule has been repeatedly announced by this Court that a defendant must do more than simply object; he must withdraw his announcement of ready for trial and request a continuance. *Paschall v. State*, 96 Okl.Cr. 198, 252 P.2d 175 (1972). Since this was not done, the error, if any, was waived. We, therefore, find this assignment of error to be without merit.

The defendant next contends that he "was convicted on evidence less than Proof beyond a reasonable doubt where Kim Houston testified that he could not speak for 'the People in the book department, no sir,' therefore, the prosecution's evidence fell short of proof beyond a reasonable doubt." We note that the witness did state that neither he, nor anyone else working in the store at the time, gave the defendant the authority to take the book in question from the store without paying for it. [Tr. 5] Weight of testimony is a matter of consideration for the jury and this Court has held that where there is evidence from which a jury may reasonably and logically find the defendant guilty, the weight, credibility and probative value of such evidence is for the jury. *Hunter v. State*, Okl.Cr., 478 P.2d 1001 (1970).

■ The defendant next contends he was deprived of due process when the store security guard who arrested him testified he found other books in the defendant's pockets and when he called the book store where the defendant said he had bought them, and they said, "they didn't know if they had been stolen and even if they was [sic], they

stated they didn't want to prosecute." [Tr. 12] The defendant made no objection to the guard's testimony, and we have ruled previously that failure to object waives any error.

 The defendant then argues the second stage of his trial—where sentence was set at three years—was illegal in that he did not waive his constitutional rights to confront witnesses against him and against self-incrimination, when his counsel stipulated to his former felony convictions. We note that at no time did defendant object to the stipulation entered into, and in light of the introduction into evidence of the judgments and sentences of each former conviction, any error, if error at all, would be harmless. 20 O.S.1971, § 3001. The defendant cites *Brookhart v. Janis*, 384 U.S. 1, 4, 86 S.Ct. 1245, 1247, 16 L.Ed.2d 314, but there the Supreme Court held the defendant specifically objected to proceedings by agreement not to cross-examine witnesses, while here the defendant made no such objection. On the issue of self-incrimination, defendant specifically elected not to testify in his own behalf. [Tr. 20] Further, introduction of the judgments and sentences of the former convictions bears no relation to the Fifth Amendment privilege against self-incrimination. We, therefore, dismiss this assignment of error.

In his fifth assignment of error, defendant contends the trial court erred by conducting a major portion of the second stage dealing with the stipulation, in the absence of the jury and the defendant. The defendant cites no authority, and we dismiss this assignment of error with the note that both the jury and the defendant were present when the stipulation was announced, and the defendant offered no objection. [Tr. 39]

As his final assignment of error, defendant contends that the trial court erred in permitting the jury to take with them the judgments and sentences entered in his previous convictions after they had requested the same. Since the judgments and sentences had been admitted into evidence,

we hold that the trial court did not commit error in honoring the jury's request that they be allowed to examine them.

Finding nothing in the record which would require either modification or reversal, the judgment and sentence is *AFFIRMED*.

BLISS and BRETT, JJ., concur.