Melvin Leon **DRIVER**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–79–294.

Court of Criminal Appeals of Oklahoma.

Sept. 25, 1981.

Gary Peterson, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Melvin Leon Driver, hereinafter referred to as the defendant, was convicted in the District Court of Oklahoma County, Case No. CRF–78–2622, for the offense of Rape in the First Degree, pursuant to 21 O.S.1971, §§ 1111 and 1114, was sentenced to forty (40) years' imprisonment, and he appeals.

Between the dates of May 17, and May 31, 1978, four (4) rapes occurred in the northwest section of Oklahoma City under similar peculiar circumstances. Shortly thereafter, the defendant was apprehended in that area and was charged with the rape of the prosecutrix. While in custody, the defendant consented to a search of his residence by executing two search waivers. As a result of the search, a shirt, with a button missing, was taken from the defendant's apartment. The shirt was admitted into evidence by the trial court and the buttons on the shirt matched one found on the window sill of another rape victim. The jury subsequently found the defendant guilty as charged.

Prior to the defendant's trial, the State requested permission to introduce evidence of three other rapes allegedly committed by the defendant. The defendant objected to the motion, but after a lengthy discussion the trial court approved the State's request. At trial the defendant properly objected to the introduction of such evidence, and it is this issue which the defendant raises as his first assignment of error.

■ This Court has consistently held that the general rule in this State is that when a defendant is put on trial for one offense, evidence of other crimes is inadmissible. *Atnip v. State*, 564 P.2d 660 (Okl.Cr. 1977). However, such evidence may be admitted where it establishes: 1) motive; 2) intent; 3) absence of mistake or accident; 4) identity of the person charged; and, 5) a common scheme or plan embracing the commission of two or more crimes, so related to each other that proof of one tends to establish the other. *Roulston v. State*, 307 P.2d 861 (Okl.Cr.1957). Even if the evidence satisfies one of the exceptions, its admissibility is still dependent on a finding that its probative value outweighs the prejudice to the accused. *Stowe v. State*, 590 P.2d 679 (Okl. Cr.1979).

■ It is argued by the defendant that the evidence of other crimes introduced by the State does not fall within these exceptions and thus was improperly admitted. We disagree. In past cases this Court has deemed evidence which demonstrates a highly distinctive method of operation as a factor which is relevant in determining the guilt or innocence of the accused. *Turnbow v. State*, 451 P.2d 387 (Okl.Cr.1969). Such evidence is admissible if the peculiar method of operation is so unusual and distinctive as to be like a signature. *Rhine v. State*, 336 P.2d 913 (Okl.Cr.1958); *Hills v. Henderson*, 529 F.2d 397, 399 en 400, (5th Cir.1976); *United States v. Benedetto*, 571 F.2d 1246, 1249 (2d Cir.1978); McCormick, *Evidence* § 190 at 449 (2d ed.1972). Although evidence of a peculiar modus operandi has

traditionally been admitted under the common scheme or identity exceptions, such categorization is unnecessary since such evidence is admissible under the "plan" exception as outlined in 12 O.S.Supp.1980, § 2404(B).[1]

▆▆ A plan has been defined as a method of proceeding. Webster's Third New International Dictionary (3rd ed. 1961). However, for evidence of other crimes to be admitted, such methods of operation must be so distinctive as to demonstrate a visible connection between the crimes. *Jett v. State,* 525 P.2d 1247 (Okl. Cr.1974); *Hall v. State,* 615 P.2d 1020 (Okl. Cr.1980). Such a highly peculiar method of operation is present in this case. The victims were all young women between the ages of twenty four (24) and twenty seven (27); all lived in close proximity to each other; all were attacked in the late evening hours or early morning; each was initially threatened with harm if she resisted; each had her hair pulled while being attacked by the man who brandished a knife or other pointed object; all were raped in their bedrooms while blindfolded; all were attacked by a man who either attempted, or was successful in making each submit to rearentry intercourse; each testified that her assailant was preoccupied with cleanliness, in that after each rape the attacker requested a washcloth in order to cleanse himself; all were raped by a man who at some time during the incident wore gloves; and all described their assailant as a softspoken, slender, black man, 5'6" to 5'9" in height, weighing between 130 and 160 pounds, who sported some facial hair. Thus, having satisfied the plan exception, we find that the defendant's argument is without merit.

▆▆ In his second assignment of error, the defendant asserts that the trial court applied the wrong standard in finding that he voluntarily consented to a search of his apartment. This proposition is not properly before this Court. At the close of the trial, the defendant failed to properly object to the instructions given as to the search. The trial judge repeatedly asked the defendant to specify what part of the search instruction was objectionable. The defendant failed to state a specific reason and subsequently submitted a general objection to all of the instructions. It is the duty of counsel to aid the court in avoiding error by objecting to improper instructions, and having done so, counsel has the responsibility of submitting correct instructions. *Kidd v. State,* 462 P.2d 281 (Okl.Cr.1969).

▆▆ Additionally, the record reflects that the police had probable cause to arrest the defendant and take him into custody. The defendant was read his constitutional rights and subsequently, without any apparent coercion, voluntarily and knowingly consented to a search of his apartment by executing a search waiver. Thus, it appears from the totality of the circumstances that the search of the defendant's residence and the seizure of the shirt therein was constitutional and within the guidelines as outlined in *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

As a third assignment of error, the defendant argues that 21 O.S.1971, §§ 1111 and 1114 require that a person accused of Rape in the First Degree be proven to have been eighteen years of age at the time of the alleged offense. This issue also is not properly before this Court.

▆▆ It has consistently been held that proof that the defendant is under the age prescribed by statute is an affirmative defense. *Brown v. State,* 435 P.2d 173, (Okl. Cr.1967). The defendant presented no such evidence, and failed to object when the judge gave the jury instructions which did not require a finding of him being eighteen years old. The defendant also failed to

---

1. Title 12 O.S.Supp.1980 § 2404(B) states that: "Evidence of other crimes or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, *plan,* knowledge, identity, or absence of mistake or accident." (emphasis added).

include this issue in his motion for new trial and his petition in error. Where the defendant does not interpose an objection at the time of the giving of instructions, such an issue is not properly preserved for appellate review. *Phipps v. State*, 572 P.2d 588 (Okl.Cr.1977).[2]

In his final assignment of error, the defendant asserts that he was denied his constitutional right to confront adverse witnesses when his attorney stipulated to a previous conviction. This issue also is not properly preserved. The defendant failed to argue this point in his motion for new trial and his petition in error. See, *Phipps*, supra. Furthermore, the defendant was present and did not object when his attorney stipulated to the fact that his client was the same Melvin Leon Driver who was named on the judgment and sentence presented by the State. The defendant did not object when the defense counsel stated that the defendant made no contention that such a stipulation was a violation of his constitutional rights. It is apparent from the record that the defendant voluntarily and knowingly waived his right to have the State prove that he in fact committed the previous crime. See, *Mason v. State*, 560 P.2d 1048 (Okl.Cr.1977); *Hayes v. State*, 541 P.2d 210 (Okl.Cr.1975).

Because we find no merit in the errors alleged by the defendant, the judgment and sentence appealed from is hereby AFFIRMED.

BRETT, P. J., concurs in results.

CORNISH, J., concurs.

2. It is apparent from the record that defendant was twenty nine (29) years of age at the time of the trial.