BREWER v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:BREWER v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 BREWER v. STATE
2019 OK CR 23
450 P.3d 969
Case Number: F-2018-36
Decided: 09/26/2019
ROBERT EUGENE BREWER, Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2019 OK CR 23, 450 P.3d 969

 

 

SUMMARY OPINION

HUDSON, JUDGE:

¶1 Appellant, Robert Eugene Brewer, was tried and convicted by jury in Tulsa County District Court, Case No. CF-2016-6383, of Sexual Abuse of a Child Under 12 (Count 1),[1] in violation of 10 O.S.Supp.2002, § 7115.[2] The jury recommended a sentence of seven years imprisonment.[3] The Honorable William J. Musseman, Jr., District Judge, presided at trial and sentenced Appellant in accordance with the jury's verdict. The court further ordered Brewer to serve a term of three years post-imprisonment supervision. Brewer now appeals, raising the following issue:

THE TRIAL COURT ERRED BY ADMITTING EVIDENCE OF OTHER CRIMES WHICH HAD NOT BEEN SUBSTANTIATED.

¶2 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find that no relief is required under the law and evidence. Brewer's Judgment and Sentence is therefore AFFIRMED.

¶3 Proposition I: Brewer asserts the trial court erred in admitting the propensity testimony of A.K., J.H., L.R.N., and P.E.S. Brewer specifically contends the trial court abused its discretion when it failed to hold a proper pre-trial hearing. Brewer asserts the court should have required the State to present live testimony from the propensity witnesses. Without such testimony, Brewer argues the court was unable to properly examine the proposed witnesses' credibility, which rendered impossible the court's task of determining whether clear and convincing evidence of the challenged propensity evidence existed.

¶4 Brewer failed to specifically object to the challenged propensity evidence when it was presented at trial.[4] He has thus waived all but plain error review of this claim. See Lowery v. State, 2008 OK CR 26, ¶ 9, 192 P.3d 1264, 1268 (reviewing for plain error where defense counsel challenged the evidence during a hearing, but failed to renew his objection at the time it was actually offered at trial). To be entitled to relief under the plain error doctrine, Brewer must show an actual error, which is plain or obvious, and which affects his substantial rights. Baird v. State, 2017 OK CR 16, ¶ 25, 400 P.3d 875, 883; Levering v. State, 2013 OK CR 19, ¶ 6, 315 P.3d 392, 395; 20 O.S.2011, § 3001.1. "This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice." Baird, 2017 OK CR 16, ¶ 25, 400 P.3d at 883; Hogan v. State, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923.

¶5 Two separate provisions of the Oklahoma Evidence Code provide for admission of sexual propensity evidence--12 O.S.2011, §§ 2413 and 2414. James v. State, 2009 OK CR 8, ¶ 4, 204 P.3d 793, 794-95; Horn v. State, 2009 OK CR 7, ¶¶ 25, 27, 37, 41, 204 P.3d 777, 784, 786. To be admissible, challenged propensity evidence "must be established by clear and convincing evidence." Horn, 2009 OK CR 7, ¶ 40, 204 P.3d at 786. "If the defense raises an objection to the admission of the propensity evidence, the trial court should hold a hearing, preferably pre-trial, and make a record of its findings . . . ." Id.

¶6 In determining the relevance of propensity evidence, trial courts should consider the following factors: "1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence." Horn, 2009 OK CR 7, ¶ 40, 204 P.3d at 786. In addition, when analyzing the dangers of admitting propensity evidence trial courts should consider: "1) how likely is it such evidence will contribute to an improperly based jury verdict; and 2) the extent to which such evidence will distract the jury from the central issues of the trial." Id. Trial courts may consider other relevant matters, including the credibility of the accuser in the other act, and must ensure that the other acts are shown by clear and convincing evidence. Id.

¶7 Reviewing the record evidence in the present case, we find the trial court properly admitted the challenged evidence as sexual propensity evidence. While proof of propensity evidence certainly may be established through the victim's testimony, proof may also be found in the pleadings and discovery. The rules of evidence, except those relating to privilege, do not apply where the judge is called upon to determine questions of fact preliminary to admissibility of evidence. 12 O.S.2011, § 2103(B)(1); Lee v. State, 1983 OK CR 41, ¶ 6, 661 P.2d 1345, 1349.

¶8 Despite the absence of live testimony from the propensity witnesses at the pre-trial hearings, the hearings[5] in sum were more than sufficient. Lee, 1983 OK CR 41, ¶ 6, 661 P.2d at 1349. Although the better and preferred practice is to take live testimony, in this case the trial court's reliance on the written statements of the victims was not an error. Judge Musseman granted the State permission to present the evidence only after holding multiple hearings concerning the proposed testimony and requiring the State to greatly limit its proposed testimony to what was absolutely necessary. The record shows Judge Musseman carefully weighed the probative value of the challenged evidence against its prejudicial value. There could not have been a stricter adherence to the factors this Court set out in Horn, or a more careful and thoughtful exercise of discretion, than the procedure employed by Judge Musseman in this case.[6]

¶9 Moreover, giving the challenged evidence its maximum probative force and minimum reasonable prejudicial value, the probative value of the propensity testimony was not substantially outweighed by the danger of unfair prejudice. See Welch v. State, 2000 OK CR 8, ¶ 14, 2 P.3d 356, 367. Similarities between this case and Brewer's prior sexual abuse of the propensity witnesses reveal a method of operation common with all of the victims. Cf. Driver v. State, 1981 OK CR 117, ¶ 5, 634 P.2d 760, 762-63. The trial court committed no error, plain or otherwise, in finding the propensity evidence admissible based on the clear and convincing evidence set forth by the State. Brewer's sole proposition error is denied.

DECISION

¶10 The Judgment and Sentence of the District Court is AFFIRMED. However, the matter is REMANDED to the District Court with instructions to enter an order nunc pro tunc correcting the Judgment and Sentence document in conformity with this opinion. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2019), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE WILLIAM J. MUSSEMAN, JR.,
DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT TRIAL

 BRIAN MARTIN
 1331 SOUTH DENVER
 TULSA, OK 74119
 COUNSEL FOR DEFENDANT

 KATIE KOLJACK
 ASST. DISTRICT ATTORNEY
 500 SOUTH DENVER
 TULSA, OK 74103
 COUNSEL FOR THE STATE
 
 
 APPEARANCES ON APPEAL

 MARK P. HOOVER
 OKLA. INDIGENT DEFENSE SYSTEM
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT

 MIKE HUNTER
 ATTORNEY GENERAL
 KEELEY L. MILLER
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
  
 
 
  
  
  
 
 

OPINION BY: HUDSON, J.
LEWIS, P.J.: CONCUR
KUEHN, V.P.J.: SPECIALLY CONCUR
LUMPKIN, J.: CONCUR
ROWLAND, J.: CONCUR 

FOOTNOTES

[1] Brewer was found not guilty of Count 2: Sexual Abuse of a Child Under 12.

[2] Both the Amended Information and Judgment and Sentence incorrectly list 21 O.S.Supp.2009 § 843.5(F) as the statute violated by Brewer. However, Brewer's crime occurred between 2004 and 2007. During this time period, the crime of child sexual abuse was set forth in 10 O.S.Supp.2002, § 7115. Section 7115 was not renumbered as 21 O.S. § 843.5(F) until May 21, 2009. The matter is therefore REMANDED to the district court with instructions to enter an order nunc pro tunc correcting the Judgment and Sentence document to reflect the correct statute violated.

[3] Pursuant to the governing statute, the punishment range for Brewer's crime was up to one year in the county jail or up to life imprisonment in the penitentiary. See 10 O.S.Supp.2002, § 7115(E).

[4] Citing Volume II, transcript pages 102 and 113, Brewer claims that defense counsel objected to the other crimes evidence at a bench conference, following the exercise of peremptory challenges but before opening statements. However, the issue dealt with during this bench conference was whether the State would be permitted to present evidence that Brewer continued to sexually abuse the victim, C.B., when they moved outside of Tulsa County to Beggs. Defense counsel's objections during this lengthy discussion went to this particular evidence and its admissibility, and did nothing to preserve Brewer's present claim regarding the admissibility of the propensity evidence.

[5] The trial court conducted three separate pre-trial hearings on the State's proposed propensity evidence.

[6] Notably, even at trial, Judge Musseman continued to limit the propensity evidence proposed in order to limit the prejudicial weight against Brewer by denying the State's request to introduce testimony of C.B.'s abuse by Brewer that occurred outside of Tulsa County.

KUEHN, V.P.J., SPECIALLY CONCURRING:

¶1 I agree with the Majority that Judge Musseman "carefully weighed" the propensity evidence and "strictly adhered to the factors required" to make a decision on admissibility of that evidence. I have concern, however, with the Majority's statement that "the better and preferred practice is to take live testimony" in a pre-trial hearing on propensity evidence. Not only is live testimony not required by law, it would require sexual abuse victims to testify unnecessarily. Unlike a hearing on the admissibility of statements under 12 O.S. § 2803.1 or for consideration of a claim of forfeiture by wrongdoing where live testimony is required by law, propensity evidence, like other crimes evidence, does not require live testimony.

¶2 I am authorized to state Presiding Judge Lewis joins in this separate writing.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2006 OK CR 19, 139 P.3d 907, HOGAN v. STATE
Discussed
 2008 OK CR 26, 192 P.3d 1264, LOWERY v. STATE
Discussed
 2009 OK CR 8, 204 P.3d 793, JAMES v. STATE
Discussed
 2009 OK CR 7, 204 P.3d 777, HORN v. STATE
Discussed at Length
 2013 OK CR 19, 315 P.3d 392, LEVERING v. STATE
Discussed
 2017 OK CR 16, 400 P.3d 875, BAIRD v. STATE
Discussed at Length
 2000 OK CR 8, 2 P.3d 356, 71 OBJ 989, Welch v. State
Discussed
 1981 OK CR 117, 634 P.2d 760, DRIVER v. STATE
Discussed
 1983 OK CR 41, 661 P.2d 1345, LEE v. STATE
Discussed at Length
Title 10. Children
 Cite
Name
Level

 10 O.S. 7115, Renumbered as 21 O.S. § 843.5 by Laws 2009, HB 2028, c. 233, § 207, emerg. eff. May 21, 2009
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2803.1, Statements by Certain Children Regarding Physical or Sexual Abuse - Admissibility
Cited
 12 O.S. 2413, Evidence of Commission of Other Sexual Assault Offense - Admissibility - Disclosures by Prosecutor
Cited
 12 O.S. 2103, Scope of Rules
Cited
Title 20. Courts
 Cite
Name
Level

 20 O.S. 3001.1, Setting Aside Judgment on Ground of Misdirection of Jury or Error in Pleading or Procedure
Cited
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 843.5, Abuse, Neglect, Exploitation, or Sexual Abuse of Child - Penalties
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA