The STATE of Oklahoma, Appellant,

v.

Martin DAY, Appellee.

No. S 93–0678.

Court of Criminal Appeals of Oklahoma.

Oct. 11, 1994.

*ACCELERATED DOCKET ORDER*

Appellee, Martin Day, was charged by Information in the District Court of Wagoner County, Case No. CRF–92–208, with Lewd Molestation. At the preliminary hearing held on October 19, 1992, Appellee demurred to the State's evidence and alleged 22 O.S. 1991, § 152 requires the Information to be filed within five (5) years after "discovery" of the crime. The Honorable Larry Langley sustained Appellee's demurrer to the evidence because the victim, a nineteen year old girl, had knowledge of the crime for six years. The State announced its intention to appeal.

On November, 6, 1992, a hearing was held on the State's appeal from an adverse ruling of the magistrate. The Honorable Thomas H. Alford reversed the ruling of the magistrate finding it is the "discovery of the State that brings into effect the running of the time" and remanded the case to the magistrate for further proceedings at the preliminary hearing. On November 20, 1992, Judge Langley bound Mr. Day over for trial.

On December 16, 1992, the Appellee filed a Motion to Quash in the District Court of Wagoner County and renewed the argument that the prosecution was time barred under 22 O.S.1991, § 152. On February 9, 1993, a hearing was held before the Honorable William H. Bliss. Judge Bliss ordered the Information quashed finding the prosecution was barred by the statute of limitations. The State then perfected this appeal.

This appeal was automatically assigned to the Accelerated Docket pursuant to 22 O.S.Supp.1993, Ch. 18, App., *Rules of the Court of Criminal Appeals,* Rule 11.2(a)(5). On July 26, 1993, Appellee filed a motion to remove the case from the Accelerated Docket. On September 23, 1993, this Court issued an Order Directing Supplementation of the record. The State was directed to supplement the record by clarifying whether a hearing on the motion to quash took place and by filing a copy of the transcript within twenty days.

On December 1, 1993, this Court issued an Order Denying Motion to Remove Cause From the Accelerated Docket, Directing Supplementation of Record and Directing Submission of Findings of Fact and Conclusions of Law. On December 6, 1993, the supplemented material and the findings of fact and conclusions of law by Judge Bliss were received.

The propositions were presented to this Court in oral argument August 11, 1994, pursuant to Rule 11.5(c). Appellant raised two propositions of error on appeal: (I) "Discovery," as used in 11 Okl.St.Ann. § 152, begins when law enforcement officials learn that a crime has been committed, not when the victim or other persons learn that a crime has been committed against their person or property, and (II) Once an issue has been decided in district court, appealed and subsequently ruled on by appellate court, district court does not have jurisdiction to rehear issue.

At the preliminary hearing, J.B. testified she was nineteen years old. Appellee is married to J.B.'s aunt. During the summer of 1986, J.B. visited Appellee's house two times, May 11 and July 28, for birthday parties. On one of those dates the Appellee asked the children at the birthday party if they wanted to go with him to close a model home that he owned. J.B. was the only child who went with Appellee. J.B. testified the two of them toured the model home. When they got to the bedroom, Appellee propositioned J.B. J.B. testified Appellee told her that he wanted to have sex with her and not to worry because he had a vasectomy. Appellee did not touch J.B. at that time because she ran into a bathroom and locked the door. J.B. testified she came out of the bathroom only after Appellee said he was sorry and that he did not mean it. J.B. testified this incident was not the only one and that the other incidents involved Appellee touching her.

J.B. stated these incidents were wrong but did not report them to the police because J.B. did not "attach any significance to it" and because of her "concern for her aunt's welfare." J.B. went to counseling in August of 1992. Her counselor stated that any time there was a possibility of molestation, the

counselor was required to report the incident to the Department of Human Services. The counselor gave J.B. the option of either J.B. or the counselor reporting the incidents. J.B. chose to report the incidents herself.

The statute at issue is 22 O.S.1991 § 152, titled "Limitations in general", which reads in part as follows:

A. Prosecutions for ... the crimes of lewd or indecent proposals or acts against children, pursuant to Section 1123 of Title 21 of the Oklahoma Statutes ... shall be commenced within five (5) years after the *discovery* of the crime.

[Emphasis added.]

██ Effective November 1, 1985, the Oklahoma legislature amended Section 152 and the word "commission" was changed to "discovery." The Legislature did not indicate which party's "discovery" triggers the running of the statute of limitations. In construing this statute we seek to give effect to the intent of the legislature. *Dawson v. State*, 273 P.2d 154 (Okl.Cr.1954). We believe if the legislature intended for the statute of limitations to begin only on the date the crime was perpetrated upon the victim, it would not have amended the wording from "commission" to "discovery."

██ The State has asked this Court to adopt a brightline rule of discovery. The State asserts "discovery" should begin at the time of the reporting of the crime to law enforcement. However, this Court is bound to construe this statute strictly against the state, and liberally in favor of the accused. *Hisel v. State*, 97 Okl.Crim. 356, 264 P.2d 375 (1953). We are of the opinion that the interpretation now urged upon us by the State would unduly expand the operation of the language in this statute.

██ We now hold that the statute of limitations begins to run and the offense has been "discovered" for purposes of Sections 152(A) and (C) when any person (including the victim) other than the wrongdoer or someone in pari delicto with the wrongdoer has knowledge of both (i) the act and (ii) its criminal nature.

██ We also hold that the crime has not been discovered during any period that the crime is concealed because of fear induced by threats made by the wrongdoer, or anyone acting in pari delicto with the wrongdoer.

██ The application of this statute of limitation is a legal determination to be determined by a judge as a threshold issue. The statute of limitations is a jurisdictional issue and, once asserted, the presumption is that the statute has run and the State has the obligation to overcome this presumption.

The ultimate question of law to be determined by the trial court is whether the crime has been "discovered."

██ In the present case the evidence is clear (i) the victim had knowledge of the acts during the summer of 1986, and (ii) at that time she knew that the acts were wrong. The record does not reflect that there were any threats made. Given these facts, we find the trial court's ruling that the prosecution was barred by the statute of limitations was correct.

As to proposition two, we find the District Court of Wagoner County was properly vested with jurisdiction, therefore, this proposition is without merit.

IT IS THEREFORE THE ORDER OF THIS COURT, after hearing oral argument and after a thorough consideration of Appellant's propositions of error and the entire record before us on appeal, that this case should be, and hereby is, AFFIRMED.

IT IS SO ORDERED.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Presiding Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Vice Presiding Judge
/s/ James F. Lane
JAMES F. LANE,
Judge
/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Judge

STRUBHAR, J., dissents.

STRUBHAR, Judge, dissenting:

I respectfully dissent to two portions of the majority's decision.

First, although I do not accept the State's argument that a brightline rule should be

established, that "discovery" in 22 O.S.1991, § 152 should be interpreted to mean the time the State discovers the crime, I do believe that the majority does not fully take into consideration the perils of limiting discovery to a determination that the victim has knowledge of (i) the act and (ii) its criminal nature. This determination should also include a finding that the victim (iii) had the ability to report the crime to a responsible person or entity.

Secondly, I do not believe the case should be affirmed as I feel a remand to the trial court is necessary. I am concerned that when an alleged victim states, "I remembered it but I did not attach any significance to it," that this person did not understand the criminal nature of the act or did not have the ability to report the crime. There needs to be further inquiry.

Because sexual offenses against children present a special circumstance, we must take into account that the victim may be young, naive, and trusting. Often times a young victim does not necessarily know that the acts of the wrongdoer constitute a crime and therefore the child does not report the crime.