Dear Senator Easley,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Does 21 O.S. Supp. 2000, § 484[21-484] prohibit persons related within the third degree by affinity or consanguinity from serving on the same board of directors of a Rural Water, Sewer, Gas and Solid Waste Management District organized and operated pursuant to 82 O.S. 1991 Supp. 2000, § 1324.1 - 1324.35?
¶ 1 Section 484 of Title 21 of the Oklahoma Statutes provides:
 Any person related within the third degree by affinity or consanguinity to any elected member of the legislative, judicial or executive branch of the state government shall not be eligible to hold any clerkship, office, position, employment or duty for which compensation is received in the same agency as such elected member of the state government.
Id.
¶ 2 The penalty provision provides:
 Any executive, legislative, ministerial or judicial officer who shall violate any provision of this article, shall be deemed guilty of a misdemeanor
 involving official misconduct, and shall be punished by a fine of not less than One Hundred ($100.00) or more than One Thousand Dollars ($1,000.00), and shall forfeit his office.
21 O.S. 1991, § 485[21-485] (footnote omitted).
¶ 3 You ask for an interpretation of a criminal statute. Criminal statutes are strictly construed against the State and liberally in favor of the accused. State v. Day,882 P.2d 1096, 1098 (Okla.Crim. 1994) (citation omitted). A person cannot be criminally punished if the application of the criminal statute to his conduct is doubtful. Quinn v. City of Tulsa,777 P.2d 1331, 1339-40 (Okla. 1989). Furthermore, a person's conduct must violate both the letter and the spirit of the law.Id.
¶ 4 For the prohibition in 21 O.S. 1991, § 484[21-484] to apply, a rural water district director must be an "elected member of the . . . executive branch of the state government." Id. The Oklahoma Supreme Court, the Attorney General and the Legislature have all reviewed the legal nature of these districts. Prior to 1965, these districts were considered "in no sense additions to or agencies in aid of the general government of the state, or in the aid of any governmental agencies or functions, but are purely for the purpose of promoting the welfare and benefit of the inhabitants of that particular district." Armstrong v. SewerImprovement Dist. No. 1, 199 P.2d 1012, 1014-15 (Okla. 1948);see also 1963 Okla. Sess. Laws ch. 266, § 6(4). In 1965, the law was amended to consider a district "a body politic and corporate and an agency and legally constituted authority of the State of Oklahoma for the public purposes set forth in this act." 1965 Okla. Sess. Laws ch. 339, § 5(5) (repealed by 1972 Okla. Sess. Laws ch. 254, § 28 and renumbered as 82 O.S. Supp. 1972, §1324.6[82-1324.6](6)). In 1985, the Attorney General opined, "[t]his statutory change evidences clear legislative intent to bring these Districts into the fold as `agencies' of the State." A.G. Opin. 85-177, 279 (citation omitted). Whether these districts come within the purview of any particular legislative enactment depends upon whether they are contemplated for coverage in the relevant statutes contained therein. Id.
¶ 5 Establishing that rural water districts are State agencies does not end our inquiry. You asked whether 21 O.S. 1991, § 484[21-484]
prohibits persons related within the third degree by affinity or consanguinity from serving on the same board of directors of a Rural Water District. "The primary goal of statutory construction is to ascertain and follow the intention of the Legislature."City of Tulsa v. State ex rel. Pub. Employees Relations Bd.,967 P.2d 1214, 1220 (Okla. 1998) (citation omitted). `[I]ntent is [generally] ascertained from the whole legislative act in light of its general purpose and object." Id. (citation omitted). "Different statutes on the same subject are generally to be viewed as in pari materia and must be construed as a harmonious whole." Taylor v. State Farm Fire Cas. Co.,981 P.2d 1253, 1261 (Okla. 1999) (footnote omitted). "All legislative enactments in pari materia are to be interpreted together as forming a single body of law that will fit into a coherent symmetry of legislation." Id. (footnote omitted).
¶ 6 Title 21 O.S. 1991, § 484[21-484] is included in a series of statutes, Sections 481 through 487, which comprises the Oklahoma law concerning nepotism. See also A.G. Opin. 90-25. It is evident that these statutes prohibit nepotism because 82 O.S. Supp. 2000, § 1324.16[82-1324.16](D) specifically references these statutes and states they relate to nepotism. Nepotism is defined as "favoritism shown to nephews and other relatives (as by giving them positions because of their relationship rather than on their merits)." Webster's Third New International Dictionary 1518 (3d ed. 1993).
¶ 7 Reading 21 O.S. 1991, § 484[21-484] in light of the legislative scheme set forth in 21 O.S. 1991 Supp. 2000, §§ 481 through 487, the evil which the Legislature sought to proscribe was obtaining a position which draws compensation as a result of affinity or consanguinity. Directors of rural water districts are elected by a majority vote of the land owners present at a meeting of a rural water district. 82 O.S. 1991, § 1324.7[82-1324.7]. They hold their position as a result of democratic process, not as a result of familial patronage. Therefore, that two people related within the third degree by affinity or consanguinity serve on the same board of directors of a rural water district does not constitute the evil which the legislature sought to prohibit.
¶ 8 Other parts of the Oklahoma Statutes reveal that had the Legislature intended to prohibit persons within a certain degree of relation from serving on the same board of directors it could have done so. Title 70 O.S. Supp. 2000, § 5-113[70-5-113] provides:
 No person shall be eligible to be a candidate for or serve on a board of education if he or she is currently employed by the school district governed by that board of education or is related within the second degree by affinity or consanguinity to any other member of the board of education or to any employee of the school district governed by the board of education, it being the purpose of this section both to prohibit persons who are related within the second degree by affinity or consanguinity from serving simultaneously on the same board of education of any school district of this state and to prohibit persons who are related within the second degree of consanguinity or affinity to an employee of a school district from serving on the board of education governing the school district while such relative is employed.
Id.
¶ 9 Unlike 21 O.S. 1991, § 484[21-484], this statute explicitly prohibits persons within a certain degree of relation from serving on the same board of education. This statute shows that had the Legislature intended for Section 484 to prohibit persons within a certain degree of relation from serving on the same board of directors, it knew how to make that explicitly clear. However, the Legislature chose not to do so. "[L]egislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." EthicsComm'n v. Keating, 958 P.2d 1250, 1256 (Okla. 1998) (footnote omitted).
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
Title 21 O.S. 1991, § 484[21-484] does not prohibit persons relatedwithin the third degree by affinity or consanguinity from servingon the same board of directors of a Rural Water, Sewer, Gas andSolid Waste Management District.
W.A. DREW EDMONDSON ATTORNEY GENERAL D. CASEY DAVIS ASSISTANT ATTORNEY GENERAL