**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 2, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RAY ELWOOD MARTIN,

    Petitioner-Appellant,

v.

CHARLES RAY, Warden of the Davis
Correctional Facility at Holdenville,
Oklahoma,

    Respondent-Appellee.

No. 08-5083

(D.C. No. CV-04-0352-E)
(N. D. Oklahoma)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

---

Ray Elwood Martin, an Oklahoma state prisoner, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his 28

U.S.C. § 2254 application for federal habeas relief.  Because Martin has failed to

satisfy the standards for the issuance of a COA, we deny his request and dismiss

the matter.

I.

In the fall of 2001, Martin's grandson, M.C., reported to the Owasso

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

(Oklahoma) Police that in 1993, when he was ten years old[1], Martin sexually abused him. Martin was subsequently interviewed by Detective Sonya DeArmond. During the interview, Martin admitted having had sexual contact with his grandson. On November 30, 2001, a one-count information was filed in the District Court of Tulsa County, Oklahoma, charging Martin with sexual abuse of a minor by a person charged with the care and custody of a child, in violation of Okla. Stat. tit. 10, § 7115. The information alleged that between the dates of January 1, 1993, and July 1, 1999, Martin performed an act of oral sodomy on a minor child.

On March 1, 2002, following a preliminary hearing, the State filed an amended information charging Martin with two counts of forcible sodomy, in violation of Okla. Stat. tit. 21, § 888. Count 1 alleged that Martin performed an act of oral sex upon a person under the age of sixteen at the church in Tulsa County, Oklahoma where Martin served as pastor. Count 2 alleged that Martin performed an act of oral sex upon a person under the age of sixteen at his home in Tulsa County. Both counts alleged that the underlying criminal conduct occurred between January 1, 1993, and July 1, 1999.

The case proceeded to trial in September of 2002. The jury acquitted Martin of the charge in Count 1, but convicted him of the charge in Count 2. The state trial court, in accordance with the jury's recommendation, sentenced Martin

---

[1] According to the record, M.C.'s date of birth was February 19, 1983.

to a term of imprisonment of twenty years.

Martin filed a direct appeal challenging his conviction and sentence. On September 16, 2003, the Oklahoma Court of Criminal Appeals (OCCA) issued a summary opinion affirming Martin's conviction and sentence. Martin v. State, No. F 2002-1381 (Okla. Crim. App. Sept. 16, 2003). On November 18, 2003, the OCCA denied a motion for rehearing that was filed by Martin.

On April 22, 2004, Martin filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2254. In his petition, Martin argued that: (1) his prosecution for forcible sodomy was commenced after expiration of the applicable statute of limitations, and was thus in violation of the ex post facto clause of the United States Constitution; (2) the state trial court's refusal to allow him to present to the jury an edited version of his videotaped interview with Detective DeArmond violated his constitutional right to present a defense; and (3) the prosecutor impermissibly elicited opinion testimony from Detective DeArmond regarding Martin's truthfulness, resulting in a violation of Martin's due process rights. The district court, after obtaining full briefing from the parties, denied Martin's petition in an opinion and order issued on April 25, 2008. The district court subsequently denied Martin's request for a COA.

Martin has now renewed his request for a COA with this court.

II.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322,

3

336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

## III.

Martin seeks a COA with respect to the three issues raised in his federal habeas petition. For the reasons that follow, we conclude he has failed to satisfy the standards for issuance of a COA with respect to any of these issues.

### *Ex post facto violation - statute of limitations*

As noted, Martin was convicted of one count of forcible sodomy. At the time the crime was alleged to have been committed, Oklahoma's criminal code provided that prosecution for forcible sodomy was required to be initiated within seven years of the date of "discovery" of the offense. Okla. Stat. tit. 22, § 152(C) (1993). In turn, the OCCA had interpreted the term "discovery" as the date "when any person (including the victim) other than the wrongdoer or someone in pari delicto with the wrongdoer has knowledge of both (i) the act and (ii) its

4

criminal nature." State v. Day, 882 P.2d 1096, 1098 (Okla. Crim. App. 1994).

Further, the OCCA had held that "discovery" could not occur "during any period

that the crime [wa]s concealed because of fear induced by threats made by the

wrongdoer, or anyone acting in pari delicto with the wrongdoer." Id. Effective

November 1, 2000, the Oklahoma legislature amended the statute of limitations

for forcible sodomy to define "discovery" to mean "the date that a physical or

sexually related crime involving a victim under the age of eighteen (18) years of

age is reported to a law enforcement agency, up to and including one (1) year

from the eighteenth birthday of the child." Okla. Stat. tit. 22, § 152(G) (Supp.

2000).

During the trial proceedings, Martin demurred to the evidence, arguing that

the charge against him was untimely. The state trial court overruled Martin's

demurrer, stating, in pertinent part, that "[i]f the statute of limitations has not

expired, the statute of limitations may be extended." App. at 13. On direct

appeal, Martin asserted that the state trial court should have sustained his

demurrer. In support of that assertion, Martin noted that M.C. testified at trial

that the act giving rise to Martin's conviction occurred when he was ten years old,

thus meaning the act likely occurred in 1993. Id. at 98, 100. Martin further noted

that M.C. "could not state exactly when he knew it was wrong for this kind of

conduct to happen, but he knew it was sometime between the first incident when

he was 10 years old and the second incident when he was 14 years old." Id. at

5

100.  In turn, Martin argued:

> The information alleging forcible sodomy . . . was filed on March 1, 2002.  Seven years before that time would be March 1, 1995.  If [M.C.] knew that the act was wrong anytime between January 1, 1993 and February 28, 1995, the information would not be timely filed and the prosecution would be prohibited from prosecuting Martin.

Id. at 100-01.

> The statute of limitations must be construed liberally in favor of a defendant and once this jurisdictional issue is raised, the presumption becomes that the statute has run.  Because the State never rebutted the presumption that the statute of limitations had run, and never accepted the burden of going forward with evidence to prove the same, this case should be dismissed for failure of the State to timely prosecute this matter.

Id. at 103.

The OCCA, in its summary opinion, rejected Martin's arguments:

> In proposition two, we find that the prosecution of this case was commenced within seven (7) years of the "discovery" of the crimes [sic] occurrence.  *State v. Day*, 1994 OK CR 67, ¶ 12, 882 P.2d 1096, 1098.

Id. at 114.

In his federal habeas petition, Martin argued, for the first time, that a "criminal prosecution commenced after the expiration of the period set forth in the applicable statute of limitation violates the ex post facto clause of the United States Constitution."[2]  Id. at 14.  In an attempt to establish that such an ex post

---

[2] In his direct appeal, Martin framed the argument primarily as a state law issue.  He also, in passing, argued that the Due Process Clause of the United

<span style="float:right">(continued...)</span>

facto violation had occurred in his case, Martin argued that "the trial judge and the [OCCA] found that since the legislature amended the 'date of discovery' to be the date upon which the offense was reported to law enforcement, then the 'date of discovery' was not the date the victim believed that something wrong or criminal in nature had happened to him, as the law provided on the date of the offense." Id. In other words, Martin argued, "[t]hat legislative amendment became law after the offense was allegedly committed, and after the [OCCA] decided *Day*." Id. In conclusion, Martin argued that "[s]ince the offense upon which [he] was convicted was barred by the statute of limitations in effect at the time said offense was allegedly committed, this matter should have been dismissed." Id. at 16.

The district court rejected Martin's arguments on the merits, concluding that the OCCA "did not apply the 2000 amendment to bring the charge . . . within the seven (7) year limitations period." Id. at 121. Instead, the district court concluded, the OCCA "applied the holding of *State v. Day*." Id. at 121-22. Ultimately, the district court concluded that no ex post facto violation had occurred:

---

[2](...continued)
States Constitution required the government "to prove each and every element of a crime beyond a reasonable doubt," including "the question of whether the statute of limitations had been tolled . . . ." App. at 101. At no point on direct appeal, however, did Martin assert that the purported statute of limitations issue gave rise to any ex post facto violation.

> Although more than seven (7) years passed from the commission of
> the crime in 1993 to the filing of the criminal charge in 2001, there
> was evidence presented at [Martin]'s trial that the victim could not
> recall whether he knew that [Martin]'s behavior was wrong or
> inappropriate in 1993, but that he knew it was wrong by 1997. See
> Dkt. # 8, Tr. Trans. Vol. III at 283. In addition, the victim testified
> that at the time of the incident in 1993, his grandfather [Martin] told
> him "not to tell," id. at 259, and that he did not tell anyone about his
> grandfather's behavior because he was "confused and scared," id. at
> 260. The trial court relied on that testimony in overruling defense
> counsel's demurrer on the ground that the State failed to prove that
> the prosecution was timely commenced. See Dkt. #8, Tr. Trans. Vol.
> IV at 412-417. Furthermore, the OCCA cited State v. Day in
> rejecting [Martin]'s statute of limitations argument. Thus, the Court
> concludes that . . . [Martin] was not prosecuted in violation of the ex
> post facto clause of the United States Constitution.

Id. at 122.

After reviewing the record on appeal, we conclude Martin has failed to establish that his ex post facto claim "deserve[s] encouragement to proceed further." Slack, 529 U.S. at 484. To begin with, it is apparent from the record that Martin's ex post facto claim is technically unexhausted, due to his failure to present it to the OCCA on direct appeal. In turn, the claim "is subject to what we have termed an 'anticipatory procedural bar,'" meaning that if Martin were "to attempt to now present the claim to the Oklahoma state courts in a[n] . . . application for post-conviction relief, it would be deemed procedurally barred" due to his failure to raise it on direct appeal. Cummings v. Sirmons, 506 F.3d 1211, 1223 (10th Cir. 2007) (quoting Anderson v. Sirmons, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007)). Further, nothing in the record appears to be remotely

8

sufficient to establish cause and prejudice, or actual innocence, so as to allow Martin to overcome the procedural bar.

Further, even if we were free to ignore the issue of procedural bar, we are not persuaded that there is any merit to the ex post facto issue. Both the state trial court and the OCCA determined, presumably on the basis of the evidence presented at Martin's trial, that the statute of limitations had not expired at the time the charges against Martin were filed. To be sure, it appears that the trial court focused on whether the statute of limitations had expired at the time the Oklahoma legislature amended the statute of limitations in November of 2000, whereas the OCCA focused on whether the statute of limitations had expired at the time the charges were filed. In any event, Martin has made no attempt to establish that these determinations were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2), as would be necessary for him to establish his right to federal habeas relief.

In sum, we conclude that Martin is not entitled to a COA with respect to his ex post facto claim.

*State trial court's refusal to admit edited videotape*

At trial, "Martin offered to show the jury an edited tape" of his interview with Detective DeArmond in order to highlight "the[] various promises and inducements of . . . DeArmond." App. at 105. The state trial court, in response,

9

"ruled that if the tape with just . . . DeArmond's promises and inducements were shown to the jury, that the entire one hour and fifty-three minute interview would come into evidence." Id. at 105-06. Martin's trial counsel ultimately chose not to offer the edited tape, presumably out of concern that the unedited version of the interview included damaging admissions of other crimes. Id. at 106.

On direct appeal, Martin argued, without invoking any constitutional provision, that the state trial court's ruling "presented [him] with an irreconcilable dilemma that prevented [him] from having a meaningful opportunity to present a complete defense." Id. at 107. The OCCA rejected Martin's argument, "find[ing] that the trial court did not abuse its discretion in ruling on [Martin]'s proffered highly edited tape recording." Id. at 114 (citing Maxwell v. State, 742 P.2d 1165, 1170 (Okla. Crim. App. 1987)).

Martin reasserted the issue in his federal habeas petition, but for the first time characterized the state trial court's ruling as a violation of "his Fourteenth and Sixth Amendment rights to present a complete defense." App. at 19, 22. The district court treated the issue as exhausted and addressed it on the merits. More specifically, the district court concluded that Martin had failed to establish that his "trial was rendered fundamentally unfair by the ruling serving to exclude the redacted videotape." Id. at 124.

Martin has failed to establish his entitlement to a COA with respect to this claim. As an initial matter, there appear to be serious questions regarding

10

whether Martin exhausted this claim in state court, and in turn whether the claim is procedurally barred for purposes of federal habeas review. Even assuming, for purposes of argument, that the claim was properly exhausted and is not procedurally barred, we are not persuaded that reasonable jurists could differ regarding the district court's resolution of Martin's claim. Slack, 529 U.S. at 484. We therefore reject Martin's request for a COA with respect to this claim.

*Due process violation - DeArmond's testimony*

During Martin's trial, the prosecution presented the testimony of Detective DeArmond. DeArmond testified on direct examination that she promised Martin that "'if he would be truthful and cooperate with [her] and give [her] a full disclosure at [sic] what had happened, that [she] would reflect that information to show he had been cooperative and fully disclosed what happened.'" App. at 108 (quoting Tr., Vol. III at 304-305). The prosecutor then asked DeArmond, "'At the conclusion of your interview with Mr. Martin, was it your opinion that that's what he had done?'" Id. DeArmond responded, "'No.'" Id. Martin objected to the question and DeArmond's response. The state trial court sustained the objection and admonished the jury to disregard the question and answer. The state trial court, however, denied Martin's request for a mistrial.

On direct appeal, Martin asserted that the state trial court committed reversible error in denying his motion for mistrial. In support of his assertion, Martin argued that the prosecutor's question and DeArmond's response amounted

11

to a "'credibility' harpoon," id. at 109, that was intended "to usurp the jury's function of determining who [wa]s credible or accurate about what [wa]s said," id. at 110. Martin did not invoke any constitutional provisions, nor cite any Supreme Court decisions, in support of his general assertion. The OCCA rejected Martin's assertion, "find[ing] that the trial court's sustaining of [his] objection and the admonition to the jury cured the error in the testimony." Id. at 114-15.

Martin reasserted the issue in his federal habeas petition, but reframed it as a "Denial of Due Process of Law." Id. at 23. The district court treated the claim as exhausted and rejected it on the merits. In doing so, the district court "conclude[d] that [DeArmond's] statement . . . did not result in a trial so fundamentally unfair as to deny [Martin] due process" because DeArmond "had already testified that [Martin] initially denied the allegations" of sexual misconduct, "but then admitted that he had touched the victim's penis with his hands and with his mouth." Id. at 126. In addition, the district court "agree[d] with the OCCA that the alleged improper question by the prosecutor . . . was cured by the immediate objection and admonishment given by the trial court to the jury." Id. at 127.

We conclude, after reviewing the record on appeal, that Martin has failed to establish his entitlement to a COA on this issue. As with the previous two issues, there are serious questions as to whether Martin properly exhausted this due process claim in state court and, in turn, whether the claim is now procedurally

barred.  Further, even assuming the claim was properly exhausted, we are not persuaded that "reasonable jurists could debate" whether the claim should have been resolved in a different manner.  <u>Slack</u>, 529 U.S. 484.

The application for COA is DENIED and the matter is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge