2013 OK CR 19

**Thomas C. LEVERING, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–2012–302.

Court of Criminal Appeals of Oklahoma.

Nov. 21, 2013.

An Appeal from the District Court of Oklahoma County; the Honorable Cindy H. Truong, District Judge.

Troy Cowin, David McKenzie, Assistant Public Defenders, Oklahoma City, OK, counsel for the defense at trial.

David Prater, District Attorney, Michele McElwee, Pamela Stillings, Assistant District Attorneys, Oklahoma City, OK, counsel for the state at trial.

Marva A. Banks, Assistant Public Defender, Oklahoma County Public, Defender's Office, Oklahoma City, Ok, counsel for appellant on appeal.

E. Scott Pruitt, Attorney General of Oklahoma, Thomas Lee Tucker, Assistant Attorney General, Oklahoma City, OK counsel for the state on appeal.

## SUMMARY OPINION

LUMPKIN, Judge.

¶1 Appellant Thomas C. Levering was tried by jury and convicted of Assault with Intent to Commit a Felony, (Count I) (21 O.S.Supp.2007, 681); Kidnapping (Count II) (21 O.S.Supp.2009, 741), and Second Degree Rape by Instrumentation (Counts IV–VII) (21 O.S.Supp.2009, 1111.1), all counts After Former Conviction of Two or More Felonies, in the District Court of Oklahoma County, Case No. CF–2011–729.[1]  The jury recom-

mended as punishment life in prison in each count and the trial court sentenced accordingly, ordering the sentences to be served consecutively.  It is from this judgment and sentence that Appellant appeals.

¶2 Appellant raises the following propositions of error in support of his appeal:

I.   Appellant's punishment was improperly enhanced based on transactional priors in violation of 21 O.S.2002, 51.1(B).

II.   Trial counsel's failure to object to the use of transactional priors to enhance Appellant's penalty violated Appellant's right to effective assistance of counsel guaranteed him by both the federal and state constitutions.

III.   The trial court erred by reversing its previous decision and admitting propensity evidence that was more prejudicial than probative in contravention of *Horn v. State* and Appellant's fundamental due process right to a fair trial.

IV.   The trial court's failure to give any instruction to the jury on how they were supposed to consider the consciousness of guilt evidence violated Appellant's right to a fair trial.

V.   The trial court erred by failing to order the disclosure of S.W.'s mental health records in violation of Appellant's due process rights under the state and federal constitutions.

VI.   Appellant was denied his fundamental right to confront witnesses by the trial court's refusal to allow the defense to meaningfully cross-examine S.W. about her claims of suffering from schizoaffective disorder and schizophrenia.

VII.   The trial court erred by not allowing Appellant to introduce evidence of S.W.'s prior false allegations of sexual offenses in violation of Appellant's right to due process, to confrontation and to present a defense.

VIII.   Trial errors, when considered in a cumulative fashion, warrant a new trial.

¶3 After thorough consideration of these propositions and the entire record before us on appeal including the original record, tran-

---

1.   Count III was dismissed by the prosecution    prior to *voir dire.*

scripts, and briefs of the parties, we have determined that the case should be remanded for resentencing.

¶4 Appellant was convicted of sexually assaulting S.W. in January 2011 in Oklahoma City. During the first stage of trial, the State presented propensity evidence in the form of testimony from S.E. that Appellant had sexually assaulted her in 1979. For his acts, Appellant was convicted of three sexual offenses in Case Nos. CF–1979–1443, 1444 and 1445. During the second stage of trial, these three prior convictions as well as four additional prior convictions were admitted to enhance Appellant's sentence. The supplemental materials show that three of these four prior convictions, Case Nos. CF–1979–1476, 1477 and 1478, were for sexual assaults committed on the same day against a single victim, D.C.[2]

¶5 In Proposition I, Appellant's *Motion to Supplement the Record* with the felony informations in Case Nos. CF–1979–1476, 1477 and 1478, is granted pursuant to Rule 3.11(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2013).

¶6 Now on appeal, Appellant objects to the enhancement of his sentence with all six of his prior sexual assault convictions. However, he did not raise this objection at trial. Therefore we review only for plain error. *Hogan v. State*, 2006 OK CR 19, ¶38, 139 P.3d 907, 923. To be entitled to relief under the plain error doctrine, Appellant must prove: 1) the existence of an actual error (i.e., deviation from a legal rule); 2) that the error is plain or obvious; and 3) that the error affected his substantial rights, meaning the error affected the outcome of the proceeding. *Id.;* 20 O.S.2011, 3001.1. If these elements are met, this Court will correct plain error only if the error "seriously affect[s] the fairness, integrity or public rep-

utation of the judicial proceedings" or otherwise represents a "miscarriage of justice." *Id.*

¶7 This case presents us with the legal question as to how the admission of propensity evidence under 12 O.S.Supp.2007, 2413; *Horn v. State*, 2009 OK CR 7, 204 P.3d 777 and *James v. State*, 2007 OK CR 1, 152 P.3d 255 and the application of 21 O.S.Supp. 2002, 51.1(B) regarding the use of transactional prior convictions for enhancement purposes interrelate.[3] It is not unusual for this Court to see multiple charges and convictions arising out of a transactional series of sex related offenses perpetrated on a single victim. Pursuant to *Horn* and *James* evidence of these acts is admissible in the first stage of trial as propensity evidence. However, during the second stage of trial, the actual "convictions" from each series of offenses can only count as one in accordance with 51.1(B) for enhancement purposes. Here, the trial court erred in admitting all six prior felony convictions.

¶8 Whether this error constitutes plain error requires a consideration of the record as a whole, particularly the jury instructions. Any conflicts between the jury's consideration of propensity evidence and the use of transactional felonies for enhancement purposes can be appropriately addressed through proper jury instructions. However, as fully discussed below, the instructions in this case did not sufficiently explain to the jury how to consider both types of evidence for sentencing purposes. The remedy for this plain error is addressed below.

¶9 In Proposition II, in support of his claim of ineffective assistance of counsel, Appellant filed contemporaneously with his appellate brief an *Application for an Evidentiary Hearing on Sixth Amendment Claims* pursuant to Rule 3.11(B)(3)(b), *Rules of the*

---

2. Appellant has not raised a challenge to the seventh prior conviction used to enhance his sentence, Case No. CF–1979–1429, for Assault and Battery with Intent to Kill.

3. Title 21 O.S.Supp.2002, 51.1(B) provides that "[f]elony offenses relied upon shall not have arisen out of the same transaction or occurrence or series of events closely related in time and location." Whether a defendant's prior felony con-

victions arose out of the same transaction or occurrence or series of events constitutes an affirmative defense which must be raised by the defendant at trial. *See Cooper v. State*, 1991 OK CR 26, ¶13, 806 P.2d 1136, 1139; *Mornes v. State*, 1988 OK CR 78, ¶13, 755 P.2d 91, 95; *Bickerstaff v. State*, 1983 OK CR 116, ¶10, 669 P.2d 778, 780.

*Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2013). Having reviewed Appellant's claims under the standard set forth in Rule 3.11, we found sufficient evidence was set forth showing a strong possibility trial counsel was ineffective for failing to raise an objection to the transactional nature of the prior convictions. We remanded the matter to the trial court for an evidentiary hearing on the claim raised in Appellant's motion.

¶ 10 At the conclusion of the evidentiary hearing, in accordance with this Court's request, the trial court's written findings of fact and conclusions of law along with transcripts of the hearing were filed in this Court. In its Findings of Facts and Conclusions of Law, the trial court stated that defense counsel was aware of the transactional nature of Appellant's prior convictions, that defense counsel did not raise any objections because defense counsel was not knowledgeable in the law concerning transactional priors under 21 O.S. 51.1(B), and it was not trial strategy not to raise an objection. The trial court determined that the failure to object did prejudice Appellant and in all likelihood contributed to the jury's sentencing decision.

¶ 11 Under Rule 3.11(B)(3)(b)(iv) the trial court's findings of fact and conclusions of law shall be given strong deference by this Court in determining the proposition raised by appellate counsel; however, this Court shall determine the ultimate issue whether trial counsel was ineffective. *Phillips v. State,* 1999 OK CR 38, ¶124, 989 P.2d 1017, 1047. Ineffectiveness under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) means deficient performance and prejudice. We have thoroughly reviewed the record, which includes trial proceedings as well as the evidentiary hearing, and Appellant's allegations of ineffectiveness, in order to determine whether Appellant was denied the effective assistance of counsel. We agree with the trial court's finding that counsel's failure to object to the transactional nature of the prior convictions was professionally unreasonable. We must next determine whether Appellant was prejudiced by this deficient performance.

¶ 12 The jury was appropriately instructed in the first stage of trial regarding their consideration of the propensity evidence. During the second stage of trial, the jury was properly instructed regarding the range of punishment for a conviction after two or more felonies under 51.1(B). However, the second stage instructions did not go far enough in explaining how the jury was to consider both types of evidence for sentencing purposes. In the absence of any instruction explaining the jury's consideration of propensity evidence in relation to transactional prior convictions, we find that counsel's deficient performance, combined with the improper admission of all six prior sexual assault convictions, prejudiced Appellant and warrants remand for resentencing.

¶ 13 Pending action by the Committee for the Oklahoma Uniform Jury Instructions–Criminal (OUJI–CR) as to uniform language which should be contained in a jury instruction explaining the relationship of propensity evidence and prior convictions used for enhancement purposes, we offer the following guidance.[4] The instruction should contain the following information:

> Evidence has been presented in the first stage of trial as to past criminal acts the defendant committed against S.E. which is evidence of the defendant's propensity to commit crimes involving sex. That evidence was proper for you to consider in determining the defendant's guilt.
>
> In the second stage of trial, the court has determined as a matter of law that the sexual propensity evidence constitutes one prior conviction for your consideration in sentencing. Additionally, evidence has been presented of two other prior convictions. It remains the prosecution's burden to prove beyond a reasonable doubt the existence of each alleged prior conviction, and only those prior convictions proven to your satisfaction can be considered in determining punishment.

---

4. We urge the Committee on the Oklahoma Uniform Jury Instructions–Criminal to address this issue and create a uniform instruction.

¶ 14 This instruction should be given after the uniform instruction on contested prior convictions, OUJI–CR (2d) 10–21 (or 10–19 if a stipulation is entered). Upon remand, the trial court should follow the procedures set forth in 22 O.S.2011, 929.

¶ 15 Having determined the case must be remanded for resentencing, we briefly look to the other allegations of error raised on appeal. In Proposition III, we find the trial court did not abuse its discretion in admitting the sexual propensity evidence pursuant to 12 O.S.2011, 2413. *See Neloms v. State*, 2012 OK CR 7, ¶12, 274 P.3d 161, 164. The evidence of the prior sexual assaults upon S.E. was relevant to show Appellant's propensity to commit a sexual offense. *See Horn*, 2009 OK CR 7, ¶40, 204 P.3d at 786. Jurors were properly instructed on the limited use of the evidence. *See Johnson v. State*, 2010 OK CR 28, ¶ 15, 250 P.3d 901, 905.

¶ 16 In Proposition IV, we review the trial court's failure to give a jury instruction on consciousness of guilt for plain error. *Hogan*, 2006 OK CR 19, ¶38, 139 P.3d at 923. There is no uniform instruction on consciousness of guilt.

¶ 17 In *Camron v. State*, 1992 OK CR 17, ¶26, 829 P.2d 47, 53, we upheld the giving of an instruction which informed the jury that "[c]onsciousness of guilt may be inferred from an intent or attempt by the accused to conceal, alter, or remove evidence of the crime." The instruction further informed the jury that they were "not bound to draw that inference" and it was for the jury "alone as fact finders to accept or reject this inference of consciousness of guilt and to give whatever weight, if any, you wish to this inference." *See also Dodd v. State*, 2004 OK CR 31, ¶40, 100 P.3d 1017, 1032 (instruction upheld which informed jury it was their decision to determine whether Appellant's conduct in cutting his own throat was done with both a consciousness of guilt and a desire to avoid punishment, and if so, what weight, if any, should be attached to that evidence). However, we have not found such an instruction mandatory and have not required trial courts to give such an instruction. In fact, we have found that based upon the evidence in a case,

the absence of such an instruction is not plain error. *See Anderson v. State*, 1999 OK CR 44, ¶ 15, 992 P.2d 409, 416 (failure to give instruction on consciousness of guilt not plain error as jury would have rendered guilty verdict even with instruction).

¶ 18 In this case, we find no error and thus no plain error in the absence of such an instruction. Whether to instruct the jury regarding their consideration of Appellant's post-offense conduct-retreat to the bathroom and stabbing himself in the chest, and while later hospitalized, the removal of chest tubes and the attempt to leave the hospital against medical advice-as consciousness of guilt was within the trial court's discretion. *Cipriano v. State*, 2001 OK CR 25, ¶ 14, 32 P.3d 869, 873 ("[t]he determination of which instructions shall be given to the jury is a matter within the discretion of the trial court"). We find the trial court did not abuse its discretion in omitting a consciousness of guilt instruction in this case for based upon the evidence presented against Appellant, the jury would have reached the same verdict even if had they been given a limiting instruction.

¶ 19 In Proposition V, we find the trial court did not abuse its discretion in refusing to order disclosure of the victim's mental health records to the defense. *Hanson v. State*, 2009 OK CR 13, ¶ 8, 206 P.3d 1020, 1026. Appellant has cited no authority supporting his argument that the defense is entitled to the victim's mental health records. In fact, such records are privileged and are not to be disclosed absent the patient's waiver of the privilege. 12 O.S.2011, 2503(B). The victim did not waive her privilege. There is no evidence in the record that the victim's mental health records regarding events and diagnoses in the past had any relevance to her ability to perceive and tell the truth about the assault in the instant case. *See Frederick v. State*, 2001 OK CR 34, ¶¶89–90, 37 P.3d 908, 933–34. There was no evidence that during the time frame of the criminal acts committed upon her in this case that she suffered from any mental illness which caused her to lie or hallucinate. Further, the defense fully cross-examined her at

trial on her mental health issues and drug use. *See Omalza v. State,* 1995 OK CR 80, ¶86, 911 P.2d 286, 308. Appellant's brief mention of a violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) is not sufficient to properly raise the issue on appeal. *See Cuesta–Rodriguez v. State,* 2011 OK CR 4, ¶12, 247 P.3d 1192, 1197.

¶ 20 In Proposition VI, we said in *Mitchell v. State,* 2011 OK CR 26, ¶58, 270 P.3d 160, 176 that "the Sixth Amendment guarantees a defendant the right to cross-examine witnesses; it also allows a trial judge to place reasonable limits on cross-examination." We generally review a trial judge's limitations on the extent of cross-examination for an abuse of discretion. *Id.* "In determining whether the Sixth Amendment has been violated, we look to see whether there was sufficient information presented to the jury to allow it to evaluate the witness and whether the excluded evidence was relevant." *Id.,* 2011 OK CR 26, ¶69, 270 P.3d at 178.

¶ 21 The trial court's limitations on the cross-examination of the victim into prior statements about her mental health did not deny Appellant his Sixth Amendment right of confrontation. Through his thorough cross-examination of the victim regarding her mental health, drug abuse, and working as a prostitute, there was sufficient information for the jury to evaluate the victim's credibility. Testimony regarding prior statements of her mental health was properly excluded as not relevant to her credibility as a witness and as they would have only served to confuse the issues. We find no abuse of the trial court's discretion.

¶ 22 In Proposition VII, we find Appellant has offered no proof reasonably supporting his claim that information contained in the 2007 police report was false. *See Walker v. State,* 1992 OK CR 73, ¶ 7, 841 P.2d 1159, 1161. *See also* 12 O.S.2011, 2412(A). Further, exclusion of the 2007 police report did not deny Appellant a meaningful opportunity to present a complete defense as he was able to present his defense through his thorough cross-examination of the victim. The trial court did not abuse is discretion in excluding evidence of the 2007

police report. *See Hanson,* 2009 OK CR 13, ¶ 8, 206 P.3d at 1025.

¶ 23 In Proposition VIII, we have reviewed the alleged errors in this case both individually and cumulatively to determine whether any were so egregious or numerous as to have denied Appellant a fair trial. *See Warner v. State,* 2006 OK CR 40, ¶223, 144 P.3d 838, 896. We have found no first stage errors sufficient to warrant reversal of Appellant's convictions. However, we have found numerous second stage errors warranting remand for resentencing.

## DECISION

¶ 24 The Judgments are **AFFIRMED.** The case is **REMANDED to the District Court for RESENTENCING** consistent with this opinion. The *Motion to Supplement the Record* with the felony informations in Case Nos. CF–1979–1476, 1477 and 1478, is granted pursuant to Rule 3.11(A), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2013). Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2013), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LEWIS, P.J., SMITH, V.P.J, C. JOHNSON, and A. JOHNSON, JJ.: concur.