OSCN Found Document:TOLLETT v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 TOLLETT v. STATE
2016 OK CR 15
Case Number: F-2015-534
Decided: 07/15/2016
MICHAEL HINES TOLLETT, Appellant, v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2016 OK CR 15, __ __

 



 





OPINION







HUDSON, JUDGE:



¶1 Appellant Michael Hines Tollett was tried and convicted in a bench trial in Stephens County District Court, Case No. CF-2012-30, for the crime of Omitting to Provide for a Minor Child, in violation of 21 O.S.2011, § 852(A). The Honorable Dennis L. Gay sentenced Tollett to a four (4) year suspended sentence to run concurrent with his sentence in Jefferson County, Case No. CF-2013-28. The court also required that Appellant pay restitution in the amount of $123,602.25 and a $1,000.00 fine, plus costs. Tollett now appeals raising the following issue:




THE TRIAL COURT ERRONEOUSLY PLACED THE BURDEN UPON
MR. TOLLETT TO PROVE THAT THE CHARGE AGAINST HIM WAS
BARRED BY THE STATUTE OF LIMITATIONS.



¶2 After thorough consideration of this proposition, and the entire record before us on appeal, including the original record, transcripts, exhibits and briefs of the parties, we AFFIRM the Judgment and Sentence.


¶3 In his sole proposition of error, Appellant contends the trial court violated his due process rights when the court erroneously placed the burden of proof on Appellant to prove the statute of limitations had not been tolled. Notably, Appellant did not object below to the trial court's finding that Appellant bore the burden of proof on the tolling of the statute of limitations. On appeal, however, Appellant argues that once he asserted the statute of limitations, the State had the obligation to overcome the presumption that the statute had run. Appellant further contends that notwithstanding the trial court's misapplication of the burden of proof, the evidence was insufficient to support the State's claim of statutory tolling of the limitations period.


¶4 As Appellant failed to object--and essentially acquiesced[1]--to having the burden of proving the statute of limitations had not tolled, Appellant has waived all but plain error review of this issue. Cf. Coddington v. State, 2011 OK CR 17, ¶ 69, 254 P.3d 684, 711 (reliance on a trial court's statements does not exempt a defendant from his obligation to timely object in order to preserve the issue for appellate review). "To be entitled to relief under the plain error doctrine, Appellant must prove: 1) the existence of an actual error (i.e., deviation from a legal rule); 2) that the error is plain or obvious; and 3) that the error affected his substantial rights, meaning the error affected the outcome of the proceeding." Levering v. State, 2013 OK CR 19, ¶ 6, 315 P.3d 392, 395. "If these elements are met, this Court will correct plain error only if the error 'seriously affect[s] the fairness, integrity or public reputation of the judicial proceedings' or otherwise represents a 'miscarriage of justice.'" Id. (quoting Hogan v. State, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923).


¶5 Appellant relies upon Cox v. State, 2006 OK CR 51, ¶ 5, 152 P.3d 244, 247, overruled on other grounds in State v. Vincent, 2016 OK CR 7, ¶ 12, 371 P.3d 1127, and State v. Day, 1994 OK CR 67, ¶ 14, 882 P.2d 1096, 1098, to support his argument that the trial court incorrectly placed the burden on him to prove the statute of limitations was not tolled. Both Cox and Day involve sex crime offenses and the application of 22 O.S. § 152, titled "Limitations in general". Section 152 generally provides the statute of limitations begins to run "after the discovery of the crime." With regard to certain sex offenses enumerated in § 152(C), this Court found that discovery does not occur during any period that such crimes are "concealed because of fear induced by threats made by the wrongdoer, or anyone acting in pari delicto with the wrongdoer." Day, 1994 OK CR 67, ¶ 13, 882 P.2d at 1098. If a defendant challenges the date on which the alleged offense was actually discovered, thus activating the statute of limitations, the State bears the burden of proving when the statute of limitations clock began, i.e., the date of discovery. Day, 1994 OK CR 67, ¶¶ 14-15, 882 P.2d at 1098.


¶6 The present case, by contrast, involves the application of 22 O.S.2001, § 153 and the tolling (as opposed to the commencement) of the statute of limitations. Section 153 provides:




If when the offense is committed the defendant be out of the state, the prosecution may be commenced within the term herein limited after his coming within the state, and no time during which the defendant is not an inhabitant or usually resident within the state, is part of the limitation.




22 O.S.2001, § 153.


¶7 Hence, commencement of the statute of limitations pursuant to § 152 through the discovery of a crime and tolling of the statute of limitations pursuant to § 153 once the statutory limitation has begun are two separate and distinct legal concepts. In the present case, it is undisputed that the statute of limitations commenced in May 2005 after Appellant's youngest child reached the age of majority and child support was no longer accruing. Thus, the issue presented in this matter is whether the statute of limitations had been tolled between May 2005 and January 31, 2012, when charges were formally filed against Appellant. Cox and Day are inapplicable.


¶8 Interpreting § 153, Oklahoma courts have held since before statehood that the defendant bears the burden to prove by a preponderance of the evidence that the statute of limitations is not tolled. Traxler v. State, 1952 OK CR 162, 96 Okl.Cr. 231, 237, 251 P.2d 815, 822; Ex parte Washington, 1950 OK CR 130, 93 Okl.Cr. 337, 342, 223 P.2d 552, 555; Osborn v. State, 1948 OK CR 24, 86 Okl.Cr. 259, 270, 194 P.2d 176, 182; Davenport v. State, 1921 OK CR 1, 20 Okl.Cr. 253, 202 P. 18, 25; Coleman v. Territory, 1897 OK 15, 5 Okla. 201, 47 P. 1079, 1083. The Supreme Court of the Territory of Oklahoma in Coleman reasoned:




It is not inequitable, oppressive, or substantially prejudicial to the safeguards which should surround the defense of one accused of crime, that if his defense does not deny the commission of the acts charged, or traverse any of the material elements of the offense, but is based upon facts wholly extrinsic, and peculiarly within his knowledge, and more readily susceptible to proof by him than by the prosecution, he should be held to establish such defense.... In the case at bar, as shown by this record, the prosecution, by the exercise of reasonable diligence, were not able to establish or prove that the defendant had a fixed, definite, habitation or residence within the territory. If such fact existed,--if the defendant did, in fact, during the disputed time, have a fixed, permanent residence within the territory,--that fact was peculiarly within his knowledge, and could be easily susceptible of proof by him; and we think it would be a sound rule only which would require him to make such proof.




Coleman, 1897 OK 15, ¶¶ 38-39, 47 P. at 1083 (emphasis added). Thus, the trial court in the present case properly placed the burden of proof upon Appellant to prove by a preponderance of the evidence that the statute of limitations had not tolled. Appellant has failed to demonstrate error, plain or otherwise, occurred with regard to this issue.


¶9 This brings us to the second part of Appellant's argument--whether the evidence was sufficient to support the Appellant's claim that the statute of limitations had not tolled.[2] We review this issue de novo. See Hanes v. State, 1998 OK CR 74, ¶ 4, 973 P.2d 330, 332 (mixed questions of law and fact reviewed de novo). The criminal offense of Omitting to Provide for a Minor as charged in this case is not assigned a specific statute of limitations; thus, it is subject to the general three-year statute of limitations. 22 O.S.2001, § 152(H) ("In all other cases a prosecution for a public offense must be commenced within three (3) years after its commission."). Reviewing de novo all evidence relevant to the issue of the tolling, we find the statute of limitations was tolled from 2005 to at least March of 2011. 22 O.S.2001, § 153; see Allison v. State, 1983 OK CR 169, ¶ 29, 675 P.2d 142, 149 (accused must have had "an actual fixed and permanent abode within the territory, or the statute of limitations did not run"). Even assuming Appellant demonstrated residency in 2011, Appellant was still subject to prosecution in 2012. The statute of limitations was tolled between 2005 and March 2011 and Appellant was charged approximately 10 months later. Thus, the State timely filed the information within the three-year statute of limitations.


¶10 Appellant's sole proposition of error is denied.


DECISION


¶11 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2016), the MANDATE is ORDERED issued upon delivery and filing of this decision.


AN APPEAL FROM THE DISTRICT COURT OF STEPHENS COUNTY
THE HONORABLE DENNIS L. GAY, ASSOCIATE DISTRICT JUDGE



 
 

 

 
APPEARANCES AT TRIAL
 
 ROBERT CARL DOUGLAS
 428 N.W. 5TH STREET, SUITE B
 OKC, OK 73102
 ATTORNEY FOR DEFENDANT
 
 

 
APPEARANCES ON APPEAL
 
 KEITH J. NEDWICK
 ASHLEY THUL
 104 EAST EUFAULA
 NORMAN, OK 73069
 ATTORNEY FOR APPELLANT
 
 
 




 
 

 

 
JAMIE PHIPPS
 ASSISTANT DISTRICT ATTORNEY
 101 SOUTH 11TH STREET
 DUNCAN, OK 73533
 ATTORNEY FOR STATE
 
 

 

 E. SCOTT PRUITT
 OKLAHOMA ATTORNEY GENERAL
 JENNIFER B. WELCH
 ASSISTANT ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 ATTORNEYS FOR APPELLEE
 
 
 





OPINION BY: HUDSON, J.
SMITH, P.J.: CONCUR
LUMPKIN, V.P.J.: CONCUR
JOHNSON, J.: CONCUR
LEWIS, J.: CONCUR





FOOTNOTES




[1] Prior to the trial court's ruling on Appellant's motion, defense counsel acknowledged having the burden, stating "since the burden's (sic) on me."





[2] Appellant specifically argues the evidence was "insufficient to establish [Appellant's] absence from Oklahoma during the relevant time period from 2005 to 2008." Appellant's argument is based upon his contention that the State bore the burden of showing the statute of limitations had been tolled. Having found the trial court properly placed the burden upon Appellant, the real issue is whether the trial court erroneously denied Appellant's motion, i.e. whether Appellant presented sufficient evidence to show the limitation period had not tolled.











 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1994 OK CR 67, 882 P.2d 1096, STATE v. DAY
Discussed at Length
 1921 OK CR 1, 202 P. 18, 20 Okl.Cr. 253, Davenport v State
Discussed
 2006 OK CR 19, 139 P.3d 907, HOGAN v. STATE
Discussed
 2006 OK CR 51, 152 P.3d 244, COX v. STATE
Discussed
 2011 OK CR 17, 254 P.3d 684, CODDINGTON v. STATE
Discussed
 2013 OK CR 19, 315 P.3d 392, LEVERING v. STATE
Discussed
 2016 OK CR 7, 371 P.3d 1127, STATE v. VINCENT
Discussed
 1948 OK CR 24, 194 P.2d 176, 86 Okl.Cr. 259, Osborn v State
Discussed
 1950 OK CR 130, 223 P.2d 552, 92 Okl.Cr. 337, EX PARTE WASHINGTON
Discussed
 1952 OK CR 162, 251 P.2d 815, 96 Okl.Cr. 231, TRAXLER v. STATE
Discussed
 1983 OK CR 169, 675 P.2d 142, ALLISON v. STATE
Discussed
 1998 OK CR 74, 973 P.2d 330, 70 OBJ 535, Hanes v. State
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1897 OK 15, 47 P. 1079, 5 Okla. 201, Coleman v. Territory
Discussed at Length
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 852, Omission to Provide for a Child - Penalties - Venue for Prosecutions
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 152, Limitations in General
Discussed
 22 O.S. 153, Limitation Not Included When Defendant is Not Within the State
Discussed at Length