APPEARANCES AT TRIAL JOE PAUL ROBERTSON, 610 SOUTH HIAWATHA, SAPULPA, OK 74066.
 

 ERIC JOHNSON, 318 EAST CHEROKEE STREET, WAGONER, OK 74467.
 

 COUNSEL FOR DEFENDANT, JOSH KING, JOY MOHOROVICIC, ASSISTANT DISTRICT ATTORNEYS, WAGONER COUNTY COURTHOUSE, 307 EAST CHEROKEE STREET, WAGONER, OK 74467, COUNSEL FOR THE STATE.
 

 APPEARANCES ON APPEAL MARK P. HOOVER, P. O. BOX 926, NORMAN, OK 73070, COUNSEL FOR APPELLANT.
 

 MIKE HUNTER, OKLAHOMA ATTORNEY GENERAL, SHERI M. JOHNSON, ASSISTANT ATTORNEY GENERAL, 313 N.E. 21ST STREET, OKLAHOMA CITY, OK 73105, COUNSEL FOR APPELLEE.
 

 SUMMARY OPINION
 

 HUDSON, JUDGE:
 

 ¶1
 
 *259
 
 Appellant, Michael Lee Smith, was tried by a jury in Wagoner County District Court, Case No. CF-2014-451, and convicted of Count II: Possession of Controlled Dangerous Substance in the Presence of a Minor, After Former Conviction of Two or More Felonies, in violation of 63 O.S.Supp.2012, § 2-402(C) ; and Count III: Unlawful Possession of Drug Paraphernalia, in violation of 63 O.S.2011, § 2-405.
 
 [1]
 
 At the conclusion of second stage proceedings, the jury recommended Smith be sentenced to twelve (12) years imprisonment and a $2,000.00 fine on Count II; and one (1) year in the county jail and a $1,000.00 fine on Count III. The Honorable Thomas H. Alford, District Judge, sentenced Smith in accordance with the jury's verdict and ordered the sentences to be served concurrently. Smith now appeals, raising two (2) propositions of error before this Court:
 

 I. THE TRIAL COURT'S DENIAL OF THE MOTION TO SUPPRESS WAS ERRONEOUS BECAUSE THE AFFIDAVIT USED TO OBTAIN THE SEARCH WARRANT WAS BASED ON UNRELIABLE AND UNTRUE INFORMATION; and
 

 II. THE TRIAL COURT ERRED WHEN IT BIFURCATED THE MISDEMEANOR COUNT OF UNLAWFUL POSSESSION OF DRUG PARAPHERNALIA.
 

 ¶2 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find that no relief is required under the law and evidence and Appellant's judgment and sentence should be
 
 AFFIRMED
 
 .
 

 I.
 

 ¶3 Appellant contends the trial court's refusal to suppress the evidence seized from his home was error. We review the trial court's ruling for an abuse of discretion.
 
 Johnson v. State
 
 ,
 
 2012 OK CR 5
 
 , ¶ 11,
 
 272 P.3d 720
 
 , 726. "An abuse of discretion is a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented."
 
 Martinez v. State
 
 ,
 
 2016 OK CR 3
 
 , ¶ 39,
 
 371 P.3d 1100
 
 , 1112,
 
 cert. denied,
 

 Martinez v. Oklahoma
 
 , --- U.S. ----,
 
 137 S.Ct. 386
 
 ,
 
 196 L. Ed. 2d 304
 
 (2016). "When reviewing a trial court's denial of a motion to suppress evidence, we accept its factual findings unless those findings are clearly erroneous and view the evidence in the light most favorable to the State."
 
 Coffia v. State
 
 ,
 
 2008 OK CR 24
 
 , ¶ 5,
 
 191 P.3d 594
 
 , 596 ;
 
 Seabolt v. State
 
 ,
 
 2006 OK CR 50
 
 , ¶ 5,
 
 152 P.3d 235
 
 , 237. "The ultimate conclusion drawn from those facts of whether a search or seizure is unreasonable is a question of law we review
 
 de novo
 
 ."
 
 Seabolt
 
 ,
 
 2006 OK CR 50
 
 , ¶ 5,
 
 152 P.3d at 237
 
 .
 

 ¶4 As was similarly argued below to the district court, Appellant specifically asserts the affidavit was not sufficient to conclude probable cause for a search existed. Appellant maintains the supporting affidavit was "full of conclusions instead of facts." In making this argument, Appellant dissects the affidavit paragraph by paragraph, individually challenging the information contained therein. Appellant further asserts the affidavit contained a false statement.
 

 ¶5 Appellant's method of evaluating the facts contained in the affidavit in isolation is contrary to this Court's totality of the circumstances approach for evaluating the sufficiency of a search warrant affidavit.
 
 See
 

 Marshall v. State
 
 ,
 
 2010 OK CR 8
 
 , ¶ 49,
 
 232 P.3d 467
 
 , 479 ("In evaluating the sufficiency of an affidavit for a search warrant, this Court looks to the totality of the circumstances.");
 
 Andrews v. State
 
 ,
 
 2007 OK CR 30
 
 , ¶ 8,
 
 166 P.3d 495
 
 , 497 (same). Under the totality of the circumstances approach, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons
 
 *260
 
 supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."
 
 Illinois v. Gates
 
 ,
 
 462 U.S. 213
 
 , 238,
 
 103 S.Ct. 2317
 
 , 2332,
 
 76 L. Ed. 2d 527
 
 (1983). For there to be a valid finding of probable cause, the affidavit must set forth enough underlying facts and circumstances to enable the magistrate to independently judge the affiant's conclusion that evidence of the crime is located where the affiant says it is.
 
 Marshall
 
 ,
 
 2010 OK CR 8
 
 , ¶ 49,
 
 232 P.3d at 479
 
 . Our duty as a reviewing court, therefore, is "simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed."
 
 Id
 
 . ;
 
 Langham v. State
 
 ,
 
 1990 OK CR 9
 
 , ¶ 7,
 
 787 P.2d 1279
 
 , 1281. We accord a magistrate's finding of probable cause "great deference."
 
 Gates
 
 ,
 
 462 U.S. at 236
 
 ,
 
 103 S.Ct. at
 
 2331 ;
 
 Marshall
 
 ,
 
 2010 OK CR 8
 
 , ¶ 49,
 
 232 P.3d at 479
 
 .
 

 ¶6 In addition, a sworn affidavit in support of a search warrant is presumed valid.
 
 Franks v. Delaware
 
 ,
 
 438 U.S. 154
 
 , 171,
 
 98 S.Ct. 2674
 
 , 2684,
 
 57 L. Ed. 2d 667
 
 (1978). While an affidavit may be attacked by allegations the affidavit contained intentional falsehoods or reckless disregard for the truth, "[a]llegations of negligence or innocent mistake are insufficient."
 
 Id
 
 . ;
 
 see also
 

 Jones v. State
 
 ,
 
 2006 OK CR 5
 
 , ¶ 27,
 
 128 P.3d 521
 
 , 536. Such allegations of perjury or reckless disregard for the truth in an affiant's statements must be established by preponderance of the evidence.
 
 See
 

 Franks
 
 ,
 
 438 U.S. at 156
 
 ,
 
 98 S.Ct. at 2676
 
 . Moreover, "[i]f the inaccuracies are removed from consideration and there remains in the affidavit sufficient allegations to support a finding of probable cause, the inaccuracies are irrelevant."
 
 Jones
 
 ,
 
 2006 OK CR 5
 
 , ¶ 27,
 
 128 P.3d at
 
 536 (citing
 
 Franks
 
 ,
 
 438 U.S. at 171
 
 ,
 
 98 S.Ct. at
 
 2684 ). "To determine this issue, we ask whether the warrant would have been issued if the judge had been given accurate information."
 
 Wackerly v. State,
 

 2000 OK CR 15
 
 , ¶ 13,
 
 12 P.3d 1
 
 , 9 (quoting
 
 Gregg v. State
 
 ,
 
 1992 OK CR 82
 
 , ¶ 19,
 
 844 P.2d 867
 
 , 875 ).
 

 ¶7 In the present case, Appellant fails to show by a preponderance of the evidence that Deputy Elliott deliberately made false statements or acted with reckless disregard for the truth when he put the challenged statements in the affidavit.
 
 See
 

 Franks
 
 ,
 
 438 U.S. at 156
 
 ,
 
 98 S.Ct. at 2676
 
 . Appellant shows
 
 at best
 
 that the affiant was negligent for failing to verify the challenged statement. Such negligence or innocent mistake is not sufficient to overcome the presumed validity of the sworn affidavit.
 
 Franks,
 

 438 U.S. at 171
 
 ,
 
 98 S.Ct. at 2684
 
 . Moreover, contrary to Appellant's challenges to the sufficiency of the supporting affidavit, we find the magistrate had a substantial basis for his probable cause finding
 
 even if
 
 the challenged statement is removed from the search warrant.
 
 Gates
 
 ,
 
 462 U.S. at 238
 
 ,
 
 103 S.Ct. at
 
 2332 ;
 
 Marshall
 
 ,
 
 2010 OK CR 8
 
 , ¶ 49,
 
 232 P.3d at 479
 
 . Thus, Appellant fails to demonstrate the trial court's refusal to suppress the search warrant was an abuse of discretion. Relief is denied for this proposition of error.
 

 II.
 

 ¶8 Appellant failed to object to the bifurcation. He has thus waived all but plain error review of this claim.
 
 Cf.
 

 Wood v. State
 
 ,
 
 2007 OK CR 17
 
 , ¶ 10,
 
 158 P.3d 467
 
 , 473 (failure to request proceeding be trifurcated reviewed for plain error where no objection at trial). To be entitled to relief under the plain error doctrine, Appellant must show an actual error, which is plain or obvious, and which affects his substantial rights.
 
 Baird v. State
 
 ,
 
 2017 OK CR 16
 
 , ¶ 25,
 
 400 P.3d 875
 
 , 883 ;
 
 Ashton v. State
 
 ,
 
 2017 OK CR 15
 
 , ¶ 34,
 
 400 P.3d 887
 
 , 896 ;
 
 Levering v. State
 
 ,
 
 2013 OK CR 19
 
 , ¶ 6,
 
 315 P.3d 392
 
 , 395 ; 20 O.S.2011, § 3001.1. This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice.
 
 Baird
 
 ,
 
 2017 OK CR 16
 
 , ¶ 25,
 
 400 P.3d at
 
 883 ;
 
 Ashton
 
 ,
 
 2017 OK CR 15
 
 , ¶ 34,
 
 400 P.3d at
 
 896-97 ;
 
 Tollett v. State
 
 ,
 
 2016 OK CR 15
 
 , ¶ 4,
 
 387 P.3d 915
 
 , 917 ;
 
 Hogan v. State
 
 ,
 
 2006 OK CR 19
 
 , ¶ 38,
 
 139 P.3d 907
 
 , 923.
 

 ¶9 Assuming without deciding it was error to bifurcate the trial on Appellant's misdemeanor count, we find the error, if any, does not rise to the level of plain error in this case as Appellant fails to show the error affected his sentence.
 
 See
 

 *261
 

 Tollett
 
 ,
 
 2016 OK CR 15
 
 , ¶ 4,
 
 387 P.3d at 916
 
 (an appellant must prove plain error). While the jury imposed the maximum sentence (1 year and $1,000.00 fine) for his misdemeanor offense, Appellant provides no basis for this Court to conclude that the knowledge jurors gained of his prior felony convictions during the sentencing phase of his trial influenced their sentencing decision on the misdemeanor possession of drug paraphernalia count. That is so especially given Appellant was sentenced to considerably less than the maximum punishment of life permitted on his felony conviction for possession of a controlled dangerous substance in the presence of a minor. Thus, relief is not required and this proposition of error is denied.
 

 DECISION
 

 ¶10 The judgments and sentences of the District Court are
 
 AFFIRMED
 
 . Pursuant to Rule 3.15,
 
 Rules of the Oklahoma Court of Criminal Appeals
 
 , Title 22, Ch. 18, App. (2018), the
 
 MANDATE
 
 is
 
 ORDERED
 
 issued upon delivery and filing of this decision.
 

 LUMPKIN, P.J.: CONCUR
 

 LEWIS, V.P.J.: CONCUR
 

 KUEHN, J.: CONCUR
 

 ROWLAND, J.: CONCUR
 

 [1]
 

 Defendant was found not guilty of Count I: Unlawful Possession of Controlled Drug with Intent to Distribute.