SMITH v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:SMITH v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 SMITH v. STATE
2018 OK CR 4
Case Number: F-2016-184
Decided: 02/15/2018
MICHAEL LEE SMITH, Appellant, v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2018 OK CR 4, __ __

 

 

SUMMARY OPINION

HUDSON, JUDGE:

¶1 Appellant, Michael Lee Smith, was tried by a jury in Wagoner County District Court, Case No. CF-2014-451, and convicted of Count II: Possession of Controlled Dangerous Substance in the Presence of a Minor, After Former Conviction of Two or More Felonies, in violation of 63 O.S.Supp.2012, § 2-402(C); and Count III: Unlawful Possession of Drug Paraphernalia, in violation of 63 O.S.2011, § 2-405.[1] At the conclusion of second stage proceedings, the jury recommended Smith be sentenced to twelve (12) years imprisonment and a $2,000.00 fine on Count II; and one (1) year in the county jail and a $1,000.00 fine on Count III. The Honorable Thomas H. Alford, District Judge, sentenced Smith in accordance with the jury's verdict and ordered the sentences to be served concurrently. Smith now appeals, raising two (2) propositions of error before this Court:

I. THE TRIAL COURT'S DENIAL OF THE MOTION TO SUPPRESS WAS ERRONEOUS BECAUSE THE AFFIDAVIT USED TO OBTAIN THE SEARCH WARRANT WAS BASED ON UNRELIABLE AND UNTRUE INFORMATION; and

II. THE TRIAL COURT ERRED WHEN IT BIFURCATED THE MISDEMEANOR COUNT OF UNLAWFUL POSSESSION OF DRUG PARAPHERNALIA.

¶2 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find that no relief is required under the law and evidence and Appellant's judgment and sentence should be AFFIRMED.

I.

¶3 Appellant contends the trial court's refusal to suppress the evidence seized from his home was error. We review the trial court's ruling for an abuse of discretion. Johnson v. State, 2012 OK CR 5, ¶ 11, 272 P.3d 720, 726. "An abuse of discretion is a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented." Martinez v. State, 2016 OK CR 3, ¶ 39, 371 P.3d 1100, 1112, cert. denied, Martinez v. Oklahoma, 137 S. Ct. 386, 196 L. Ed. 2d 304 (2016). "When reviewing a trial court's denial of a motion to suppress evidence, we accept its factual findings unless those findings are clearly erroneous and view the evidence in the light most favorable to the State." Coffia v. State, 2008 OK CR 24, ¶ 5, 191 P.3d 594, 596; Seabolt v. State, 2006 OK CR 50, ¶ 5, 152 P.3d 235, 237. "The ultimate conclusion drawn from those facts of whether a search or seizure is unreasonable is a question of law we review de novo." Seabolt, 2006 OK CR 50, ¶ 5, 152 P.3d at 237.

¶4 As was similarly argued below to the district court, Appellant specifically asserts the affidavit was not sufficient to conclude probable cause for a search existed. Appellant maintains the supporting affidavit was "full of conclusions instead of facts." In making this argument, Appellant dissects the affidavit paragraph by paragraph, individually challenging the information contained therein. Appellant further asserts the affidavit contained a false statement.

¶5 Appellant's method of evaluating the facts contained in the affidavit in isolation is contrary to this Court's totality of the circumstances approach for evaluating the sufficiency of a search warrant affidavit. See Marshall v. State, 2010 OK CR 8, ¶ 49, 232 P.3d 467, 479 ("In evaluating the sufficiency of an affidavit for a search warrant, this Court looks to the totality of the circumstances."); Andrews v. State, 2007 OK CR 30, ¶ 8, 166 P.3d 495, 497 (same). Under the totality of the circumstances approach, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332, 76 L. Ed. 2d 527 (1983). For there to be a valid finding of probable cause, the affidavit must set forth enough underlying facts and circumstances to enable the magistrate to independently judge the affiant's conclusion that evidence of the crime is located where the affiant says it is. Marshall, 2010 OK CR 8, ¶ 49, 232 P.3d at 479. Our duty as a reviewing court, therefore, is "simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." Id.; Langham v. State, 1990 OK CR 9, ¶ 7, 787 P.2d 1279, 1281. We accord a magistrate's finding of probable cause "great deference." Gates, 462 U.S. at 236, 103 S. Ct. at 2331; Marshall, 2010 OK CR 8, ¶ 49, 232 P.3d at 479.

¶6 In addition, a sworn affidavit in support of a search warrant is presumed valid. Franks v. Delaware, 438 U.S. 154, 171, 98 S. Ct. 2674, 2684, 57 L. Ed. 2d 667 (1978). While an affidavit may be attacked by allegations the affidavit contained intentional falsehoods or reckless disregard for the truth, "[a]llegations of negligence or innocent mistake are insufficient." Id.; see also Jones v. State, 2006 OK CR 5, ¶ 27, 128 P.3d 521, 536. Such allegations of perjury or reckless disregard for the truth in an affiant's statements must be established by preponderance of the evidence. See Franks, 438 U.S. at 156, 98 S. Ct. at 2676. Moreover, "[i]f the inaccuracies are removed from consideration and there remains in the affidavit sufficient allegations to support a finding of probable cause, the inaccuracies are irrelevant." Jones, 2006 OK CR 5, ¶ 27, 128 P.3d at 536 (citing Franks, 438 U.S. at 171, 98 S. Ct. at 2684). "To determine this issue, we ask whether the warrant would have been issued if the judge had been given accurate information." Wackerly v. State, 2000 OK CR 15, ¶ 13, 12 P.3d 1, 9 (quoting Gregg v. State, 1992 OK CR 82, ¶ 19, 844 P.2d 867, 875).

¶7 In the present case, Appellant fails to show by a preponderance of the evidence that Deputy Elliott deliberately made false statements or acted with reckless disregard for the truth when he put the challenged statements in the affidavit. See Franks, 438 U.S. at 156, 98 S. Ct. at 2676. Appellant shows at best that the affiant was negligent for failing to verify the challenged statement. Such negligence or innocent mistake is not sufficient to overcome the presumed validity of the sworn affidavit. Franks, 438 U.S. at 171, 98 S. Ct. at 2684. Moreover, contrary to Appellant's challenges to the sufficiency of the supporting affidavit, we find the magistrate had a substantial basis for his probable cause finding even if the challenged statement is removed from the search warrant. Gates, 462 U.S. at 238, 103 S. Ct. at 2332; Marshall, 2010 OK CR 8, ¶ 49, 232 P.3d at 479. Thus, Appellant fails to demonstrate the trial court's refusal to suppress the search warrant was an abuse of discretion. Relief is denied for this proposition of error.

II.

¶8 Appellant failed to object to the bifurcation. He has thus waived all but plain error review of this claim. Cf. Wood v. State, 2007 OK CR 17, ¶ 10, 158 P.3d 467, 473 (failure to request proceeding be trifurcated reviewed for plain error where no objection at trial). To be entitled to relief under the plain error doctrine, Appellant must show an actual error, which is plain or obvious, and which affects his substantial rights. Baird v. State, 2017 OK CR 16, ¶ 25, 400 P.3d 875, 883; Ashton v. State, 2017 OK CR 15, ¶ 34, 400 P.3d 887, 896; Levering v. State, 2013 OK CR 19, ¶ 6, 315 P.3d 392, 395; 20 O.S.2011, § 3001.1. This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. Baird, 2017 OK CR 16, ¶ 25, 400 P.3d. at 883; Ashton, 2017 OK CR 15, ¶ 34, 400 P.3d. at 896-97; Tollett v. State, 2016 OK CR 15, ¶ 4, 387 P.3d 915, 917; Hogan v. State, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923.

¶9 Assuming without deciding it was error to bifurcate the trial on Appellant's misdemeanor count, we find the error, if any, does not rise to the level of plain error in this case as Appellant fails to show the error affected his sentence. See Tollett, 2016 OK CR 15, ¶ 4, 387 P.3d at 916 (an appellant must prove plain error). While the jury imposed the maximum sentence (1 year and $1,000.00 fine) for his misdemeanor offense, Appellant provides no basis for this Court to conclude that the knowledge jurors gained of his prior felony convictions during the sentencing phase of his trial influenced their sentencing decision on the misdemeanor possession of drug paraphernalia count. That is so especially given Appellant was sentenced to considerably less than the maximum punishment of life permitted on his felony conviction for possession of a controlled dangerous substance in the presence of a minor. Thus, relief is not required and this proposition of error is denied.

DECISION

¶10 The judgments and sentences of the District Court are AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2018), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF WAGONER COUNTY
THE HONORABLE THOMAS H. ALFORD, DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 JOE PAUL ROBERTSON
 610 SOUTH HIAWATHA
 SAPULPA, OK 74066
 
 ERIC JOHNSON
 318 EAST CHEROKEE STREET
 WAGONER, OK 74467
 
 COUNSEL FOR DEFENDANT
 
 
 MARK P. HOOVER
 P. O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT
 
 
 
 
 JOSH KING
 JOY MOHOROVICIC
 ASSISTANT DISTRICT ATTORNEYS
 WAGONER COUNTY COURTHOUSE
 307 EAST CHEROKEE STREET
 WAGONER, OK 74467
 COUNSEL FOR THE STATE
 
 
 MIKE HUNTER
 OKLAHOMA ATTORNEY GENERAL
 SHERI M. JOHNSON
 ASSISTANT ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: HUDSON, J.
LUMPKIN, P.J.: CONCUR 
LEWIS, V.P.J.: CONCUR
KUEHN, J.: CONCUR
ROWLAND, J.: CONCUR

FOOTNOTES

[1] Defendant was found not guilty of Count I: Unlawful Possession of Controlled Drug with Intent to Distribute.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1990 OK CR 9, 787 P.2d 1279, LANGHAM v. STATE
Discussed
 1992 OK CR 82, 844 P.2d 867, GREGG v. STATE
Discussed
 2006 OK CR 5, 128 P.3d 521, JONES v. STATE
Discussed at Length
 2006 OK CR 19, 139 P.3d 907, HOGAN v. STATE
Discussed
 2006 OK CR 50, 152 P.3d 235, SEABOLT v. STATE
Discussed at Length
 2007 OK CR 17, 158 P.3d 467, WOOD v. STATE
Discussed
 2007 OK CR 30, 166 P.3d 495, ANDREWS v. STATE
Discussed
 2008 OK CR 24, 191 P.3d 594, COFFIA v. STATE
Discussed
 2010 OK CR 8, 232 P.3d 467, MARSHALL v. STATE
Discussed at Length
 2012 OK CR 5, 272 P.3d 720, JOHNSON v. STATE
Discussed
 2013 OK CR 19, 315 P.3d 392, LEVERING v. STATE
Discussed
 2016 OK CR 3, 371 P.3d 1100, MARTINEZ v. STATE
Discussed
 2016 OK CR 15, 387 P.3d 915, TOLLETT v. STATE
Discussed at Length
 2017 OK CR 15, 400 P.3d 887, ASHTON v. STATE
Discussed at Length
 2017 OK CR 16, 400 P.3d 875, BAIRD v. STATE
Discussed at Length
 2000 OK CR 15, 12 P.3d 1, 71 OBJ 2132, Wackerly v. State
Discussed
Title 20. Courts
 Cite
Name
Level

 20 O.S. 3001.1, Setting Aside Judgment on Ground of Misdirection of Jury or Error in Pleading or Procedure
Cited
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 2-405, Prohibited Acts E- Penalties
Cited
 63 O.S. 2-402, Prohibited Acts B - Penalties
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA